Martinez v. SOT



NUMBER 13-00-688-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


ERNEST MARTINEZ, JR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 156th District Court of Live Oak County, Texas.

____________________________________________________________________


O P I N I O N


Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa


After a bench trial, the trial court found appellant, Ernest Martinez, Jr., guilty of the offense of driving while intoxicated
("DWI") and assessed his punishment at ten years imprisonment. Appellant's attorney has filed a brief in which he states
that he has reviewed the clerk's record and reporter's record and has concluded that appellant's appeal is frivolous and
without merit. Anders v. California, 386 U.S. 738 (1967). The brief meets the requirements of Anders as it presents a
professional evaluation showing why there are no arguable grounds for advancing an appeal. See Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). In the brief, appellant's attorney also states that he has informed appellant of
his right to review the appellate record and to file a pro se brief. No such brief has been filed.

Even though appellant's attorney has concluded that this appeal is frivolous and without merit, he has filed one arguable
issue. Appellant's counsel contends the evidence is legally and factually insufficient to prove the following elements of the
offense of DWI: (1) intoxication and (2) operation of a motor vehicle.

 When we review the legal sufficiency of the evidence, we view all the evidence 

in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000); Rosillo v. State, 953 S.W.2d 808, 811 (Tex. App.-Corpus Christ 1997, pet. ref'd). The
trier of fact, as the sole judge of the credibility of the witnesses and the weight to be given their testimony, is free to accept
or reject all or any part of the testimony of any witness. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1981); Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982). 

When we review the factual sufficiency of the evidence, we review all of the evidence and set aside the verdict only if it is
so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. Johnson, 23 S.W.3d at
9; Clewis v. State, 922 S.W.2d 126, 133-34 (Tex. Crim. App. 1996). Under a factual sufficiency review, we are not bound
to view the evidence in the light most favorable to the prosecution. Stone v. State, 823 S.W.2d 375, 381 (Tex. App.-Austin
1992, pet. ref'd). Rather, we are free to consider the testimony of all the witnesses. Id. We are not free to reweigh the
evidence and set aside a jury verdict merely because we believe that a different result is more reasonable. Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d at 135. Disagreeing with the fact finder's determination
is appropriate only when the record clearly indicates that such a step is necessary to arrest the occurrence of a manifest
injustice; otherwise, due deference must be accorded the fact finder's determinations. Johnson, 23 S.W.3d at 10-12. The
complete and correct standard for conducting a factual sufficiency review of the elements of a criminal offense asks
whether a neutral review of the evidence, both for or against the finding, demonstrates that proof of guilt is so obviously
weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. Id. at 11.

 A person commits the offense of DWI if the person is intoxicated while driving a motor vehicle in a public place. Tex.
Pen. Code Ann. § 49.04(a) (Vernon Supp. 2001). The definition of "intoxicated" includes "not having the normal use of
mental or physical faculties by reason of the introduction of alcohol . . . into the body." Tex. Pen. Code Ann. § 49.01(2)(A)
(Vernon Supp. 2001). Furthermore, the fact finder may consider refusal to take a breath test as evidence of intoxication. 
Finely v. State, 809 S.W.2d 909, 913 (Tex. App.-Houston [14th Dist.] 1991, pet. ref'd). 

The record reflects that on September 6, 1999, Department of Public Safety ("DPS") Trooper Guadalupe Ramon received a
dispatch regarding a reckless driver who had blown out a couple of tires and driven off of Interstate Highway 37 in Live
Oak County. He was informed that the driver had exited the vehicle and was walking toward a house.

As Trooper Ramon approached the scene, he activated the camera in his vehicle and made contact with appellant. 
Appellant identified the vehicle as his and admitted that he had been operating it. Trooper Ramon noted that the appellant's
eyes were bloodshot, his speech was slurred, and he smelled of alcohol. Trooper Ramon then administered the Horizontal
Gaze Nystagmus (1) ("HGN") test to appellant. Appellant exhibited nystagmus at maximum deviation in both eyes. 
Trooper Ramon concluded that appellant was intoxicated and did not have the mental and physical faculties to operate a
motor vehicle in a public place. Appellant was arrested for DWI. Appellant later exhibited a combative attitude. After he
was given the DWI statutory warning, appellant refused to take a breath test.

After reviewing the entire record, we conclude that any rational trier of fact could have found the essential elements of the
offense of DWI beyond a reasonable doubt. We further conclude that the verdict is not so against the overwhelming weight
of the evidence that it is manifestly unjust and clearly wrong. We hold the evidence is legally and factually sufficient to
support appellant's conviction for DWI. Appellant's arguable issue is overruled.

We have carefully reviewed the appellate record and counsel's brief. See Stafford, 813 S.W.2d at 511. We find nothing in
the record that might arguably support this appeal. See id. Because we have found no reversible error in this case, we
agree with appellant's counsel that the appeal is wholly frivolous and without merit.

The judgment of the trial court is affirmed.



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

9th day of August, 2001.

1. The Horizontal Gaze Nystagmus test looks for jerkiness of the eyes on smooth pursuit.