David Carl Potts















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-169-CR

     DAVID CARL POTTS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 


From the 338th District Court
Harris County, Texas
Trial Court # 765,691
                                                                                                                   
                                                                                                        
O P I N I O N
                                                                                                                   

      Appellant Potts appeals his conviction for felony driving while intoxicated, for which he was
sentenced to four years in the Institutional Division of the Texas Department of Criminal Justice.
      On October 12, 1997, Appellant was indicted for operating a motor vehicle while intoxicated. 
The indictment further alleged Appellant had been convicted on June 17, 1994, and on May 15, 1990,
for driving while intoxicated.
      A jury found Appellant guilty. He elected to have the judge assess punishment and punishment
was assessed at four years in prison.
      Appellant appeals on one point of error: “The evidence is factually insufficient to prove beyond
a reasonable doubt that Appellant did not have the normal use of his mental and physical facilities by
reason of the introduction of alcohol into his body.”
      Specifically, Appellant asserts that the evidence is factually insufficient because of the officer’s
testimony regarding Appellant’s performance in each field-sobriety test, and that the DWI video did
not indicate that Appellant did not have control or the normal use of his mental and physical facilities.
      In reviewing the factual sufficiency of the evidence we view all the evidence without the prism,
“in the light most favorable to the prosecution.” Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Thus, the reviewing court
may consider the testimony of defense witnesses. Clewis at 135. However, even under a factual
sufficiency analysis, the reviewing court is not authorized to substitute its judgment for that of the
factfinder. Clewis at 133. The reviewing court sets aside the verdict “only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.” Clewis at 135. A clearly
wrong and unjust verdict may occur in instances where the jury’s verdict “shocks the conscience”
or “clearly demonstrates bias.” Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).
      On October 12, 1997, at 1:46 a.m., Officer Shelor noticed Appellant driving 50 miles per hour
in a 35 mile per hour speed zone. Traffic was light and it had recently rained. Appellant’s truck slid
into the middle of the intersection of Bellaire Boulevard and Buffalo Speedway, and then continued
on through the intersection. Shelor turned on his overhead lights to initiate a stop. Appellant
continued for two blocks, then made a “U” turn, entered a parking lot and then stopped. As Shelor
approached Appellant’s vehicle he detected an odor of alcohol and observed that Appellant’s eyes
were glassy. Shelor determined Appellant had been drinking by the strong odor of alcohol as
Appellant exited his truck. He administered several field-sobriety tests. First, Shelor had Appellant
stand on one leg and count backwards. Appellant could not stand on one leg for more than a few
seconds. Appellant stated to Shelor that he had leg and knee problems with both legs. Next, Shelor
asked Appellant to stand and lean his head back, close his eyes, and count to himself until he reached
30 seconds. Appellant stopped at 21 seconds and did not maintain his balance. Shelor then had
Appellant tilt his head back, close his eyes and touch his nose with his index finger. Appellant
missed his nose three out of six attempts. Appellant next walked on a straight line and stepped off
the line one time.
      Officer Shelor placed Appellant in custody and transported him to the Bellaire Police Station for
a formal DWI interview. Appellant became hostile and profane toward Shelor, and asked Shelor to
give him a break and call his father-in-law who was a Houston police officer. Appellant stated he
had only one beer but, based on his attitude and performance on the sobriety tests, Shelor believed
he was intoxicated and he had lost the normal use of his mental and physical faculties. Appellant was
given an opportunity to take a breathalyser test which he refused. Thirty minutes after the traffic
stop, Appellant was video-taped at the police station and was, in Shelor’s opinion, “absolutely
intoxicated.”
      Appellant argues that he testified to drinking only one beer to refute Shelor’s testimony that he
smelled alcohol on Appellant’s breath. However, the jury can reject Appellant’s testimony. As the
trier of facts, the jury was free to accept or reject any witness’ testimony. Jones v. State, 970 S.W.2d
850, 852 (Tex. App.—Houston [1st Dist.], pet. ref’d).
      Appellant also contends the video-tape showed that he could stand on one leg and count
backwards, and that he accurately performed the finger-to-nose test. However, these tests were
administered some 30 minutes after he was stopped by Shelor. The fact that Appellant could perform
sobriety tests better than his first tests at the traffic stop, is not necessarily contrary to the verdict. 
Appellant refused to take the breathalyser test. A jury may consider a defendant’s refusal to take the
test as evidence of guilt. Finley v. State, 809 S.W.2d 909 (Tex. App.—Houston [1st Dist.], pet
ref’d).
      From all the evidence, we cannot say that the verdict is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust; nor does the verdict shock the conscience, or
clearly demonstrate bias.
      Appellant’s point is overruled. The judgment is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 21, 1999
Do not publish