In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00052-CR

____________


LONNIE AQUILA ROMINE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 23rd District Court 

Brazoria County, Texas

Trial Court Cause No. 38,703

 





O P I N I O N

 Appellant, Lonnie Aquila Romine, was indicted for felony driving while intoxicated
with three enhancements. A jury found appellant guilty as charged, and the trial court
assessed punishment, as agreed to by appellant and the State, at 25 years in prison. We affirm.

BACKGROUND


 At approximately 7:20 p.m., Officer Arnold stopped appellant for speeding and
driving with a malfunctioning right rear brake light. Officer Arnold noticed the odor of
alcohol and asked appellant to step out of his truck. Officer Arnold asked if appellant had
been drinking, and appellant said he had consumed approximately five beers. Officer Arnold
noticed that appellant's eyes were glazed over, his speech was slurred, and he was unsteady
on his feet. Officer Arnold conducted four field sobriety tests, which appellant failed. The
field sobriety tests were videotaped. Officer Arnold called Officer Jernigan, who was
certified to perform the Horizontal Gaze Nystagmus (HGN) test, to the scene. Officer
Jernigan performed the HGN test and determined that appellant was intoxicated over the
legal limit. Officer Arnold arrested appellant and searched his truck. Officer Arnold found
an open, partially empty beer can, which was still cool to the touch, in the floor of appellant's
truck. Officer Arnold took appellant to the Pearland City Jail, where another sobriety test
was given and videotaped. Appellant failed that test, also. 

 At the jail, appellant refused to take a breath test because he "didn't trust it" and stated
that he wanted a blood test. He was taken to Southeast Memorial Hospital, and his blood was
drawn between 10:00 and 10:40p.m. The blood sample was sent to the Texas Department of
Public safety crime lab in Houston, and testing showed appellant's blood alcohol
concentration to be 0.17 grams per deciliter. 


DISCUSSION


 In one point of error, appellant contends the trial court erred in allowing the State's
witness, Seberra Lopez, to testify to appellant's blood alcohol concentration because the
witness did not provide retrograde extrapolation data to prove the blood alcohol
concentration of appellant at the time of the operation of the motor vehicle. At trial,
appellant made the following objection to Seberra Lopez's testimony: 

 [Defense counsel]: You Honor, my motion is that the witness be not
allowed to testify as to the blood concentration, due to the fact that the prior
witness stated that the blood was drawn anywhere between . . . 10:00 and
10:40. So, between the hours of 10:20 and 10:40 are longer than two hours
after the arrest of the defendant. 


 . . . .


 THE COURT: What do you base your motion on? Statute? Case law? 


 [Defense counsel]: I believe it's a statute. (1) 


 . . . .


 [Defense Counsel]: My argument is that they've required that the blood
test be within two hours, to give you an approximate value of what the blood
alcohol level was at the time of the offense. . . . The State did not get the two-hour limit on the test; and therefore, it's an inaccurate test. 


 THE COURT: Your motion is denied. 


 For an issue to be preserved on appeal, there must be a timely objection which
specifically states a legal basis for objection; an objection stating one legal basis may not be
used to support a different legal theory on appeal. Rezac v. State, 782 S.W.2d 869, 870 (Tex.
Crim. App. 1990); see also Tex. R. App. P. 33.1(a). Appellant's objection at trial does not
comport with his point of error on appeal. Therefore, nothing is preserved for our review. 
Accordingly, we overrule appellant's sole point of error. 

 We affirm the judgment of the trial court. 






 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Radack, and Price. (2)


Do not Publish. Tex. R. App. P. 47.4. 



1. Although appellant did not cite a statute at trial and does not cite one on appeal,
counsel evidently was referring to section 724.019 of the Transportation Code, which
provides that a person, after submitting a breath, blood, or urine sample at the request of a
peace officer, may, within two hours after arrest, have a health professional of the person's
choice take an additional blood sample for analysis. Tex. Transp. Code Ann. § 724.019
(Vernon 1999). Because appellant did not submit to a breath, blood, or urine sample at the
officer's request, this statute does not apply. See Finley v. State, 809 S.W.2d 909, 912-13
(Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). 
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.