Affirmed and Memorandum Opinion filed June 19, 2003















Affirmed and
Memorandum Opinion filed June 19, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01242-CR

____________

 

PEDRO DELATORRE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_______________________________________________

 

On Appeal from
the 248th District Court

Harris County, Texas

Trial Court
Cause No. 878,781

 

_______________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant Pedro Delatorre challenges
his conviction for felony driving while intoxicated (“DWI”).  We affirm.

I.  Factual and Procedural
Background

            Officer Jesus Aguirre saw appellant
speeding and weaving in and out of traffic. 
After observing appellant’s physical condition and his failure to
successfully complete certain field sobriety tests, Officer Aguirre arrested
appellant.  Appellant refused to give a
breath sample.








            Appellant was charged by indictment
with felony DWI based on two prior DWI convictions.  The trial court denied appellant’s motion
stipulating to the two prior DWI convictions and seeking to prevent the jury
from learning of the prior DWI convictions during the guilt/innocence
phase.  The jury convicted appellant and
assessed punishment at twenty years’ confinement in the Institutional Division
of the Texas Department of Criminal Justice.

II.  Issues
Presented

            Appellant asserts three issues,
alleging: (1) the trial court erred in allowing the jury to learn, during the
guilt/innocence phase of trial, that appellant had two prior DWI convictions,
in violation of appellant’s federal constitutional right to a fair and
impartial trial; (2) the evidence is legally insufficient to support his
conviction; and (3) the evidence is factually insufficient to support his
conviction.

III. 
Analysis and Discussion

A.        Did the trial court err in allowing the jury to learn about
appellant’s two prior DWI convictions during the guilt/innocence phase?

 

            In his first issue, appellant
asserts that, because he stipulated to the two prior DWI convictions, the trial
court erred by allowing, over his objection, the jury to hear about these
convictions during the guilt/innocence phase of the trial.  Both in the trial court and on appeal
appellant relies on Tamez v. State, 11 S.W.3d 198 (Tex. Crim. App. 2000). 
Appellant asserts that the logic of Tamez requires that the portion
of the indictment alleging the prior DWI convictions not be read to the jury
and that the jury should not learn about these convictions during the
guilt/innocence phase.  We disagree.  The Tamez court held that the portion of the indictment alleging
the two prior DWI convictions should be read to the jury, and thus, that the
jury should learn about the two prior convictions.  See id.
at 202–03.  We
are bound by Tamez,
and any change in this precedent must come from the Court of Criminal Appeals,
not this court.  Applying Tamez, the trial
court correctly overruled appellant’s objection that, because of his
stipulation, the jury should not hear anything about his two prior DWI
convictions.

            On appeal, appellant also asserts
that allowing the jury to hear about these prior convictions violated his right
to a fair and impartial trial under the Sixth and Fourteenth Amendments to the
United States Constitution.  To preserve
a complaint for appellate review, a party generally must make a timely request,
objection, or motion with sufficient specificity to apprise
the trial court of the complaint.  See Tex.
R. App. P. 33.1(a); Saldano v. State, 70 S.W.3d 873, 886–87 (Tex. Crim. App. 2002).  With few exceptions not applicable here, even
constitutional complaints may be waived by the failure to raise a timely
objection in the trial court.  See Saldano, 70 S.W.3d at 886–89. 
Appellant has not cited, and we have not found, any place in the
appellate record showing that appellant raised these constitutional objections
in the trial court.  Therefore, appellant
has not preserved error.  Even if
appellant had preserved error, we still would hold that allowing the jury to
learn of the prior DWI convictions does not violate appellant’s federal
constitutional right to a fair trial. 
Accordingly, we overrule appellant’s first issue.  

B.        Is the evidence legally and factually sufficient to support
appellant’s conviction?

 

            In his second and third issues,
appellant asserts the evidence is legally and factually insufficient to support
his conviction because there was insufficient evidence that appellant had lost
the normal use of his mental or physical faculties due to intoxication at the
time he was operating a motor vehicle.  

            In evaluating a legal-sufficiency
challenge, we view the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29 S.W.3d 103,
111 (Tex. Crim. App. 2000).  The issue on appeal is not whether we, as a
court, believe the State’s evidence or believe that appellant’s evidence
outweighs the State’s evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex. Crim.
App. 1984).  The
verdict may not be overturned unless it is irrational or unsupported by proof
beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim.
App. 1991).  The jury,
as the trier of fact, “is the sole judge of the
credibility of witnesses and of the strength of the evidence.”  Fuentes v. State, 991 S.W.2d 267,
271 (Tex. Crim. App. 1999).  The jury may choose to believe or disbelieve
any portion of the witnesses’ testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim.
App. 1986).  When faced
with conflicting evidence, we presume the trier of
fact resolved conflicts in favor of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim.
App. 1993).  Therefore,
if any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim.
App. 1997).

            In contrast, when evaluating a
challenge to the factual sufficiency of the evidence, we view all the evidence
without the prism of “in the light most favorable to the prosecution” and set
aside the verdict only if it is “so contrary to the overwhelming weight of the
evidence to be clearly wrong and unjust.”  Johnson v. State, 23
S.W.3d 1, 6–7 (Tex. Crim. App. 2000). This
concept embraces both “formulations utilized in civil jurisprudence, i.e., that
evidence can be factually insufficient if: (1) it is so weak as to be clearly
wrong and manifestly unjust; or (2) the adverse finding is against the great
weight and preponderance of the available evidence.”  Id. at 11.  Under this
second formulation, the court essentially compares the evidence which tends to
prove the existence of a fact with the evidence that tends to disprove that
fact.  Jones v. State, 944 S.W.2d 642, 647
(Tex. Crim. App. 1996).  In conducting the factual-sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id. at 648.  Our evaluation
should not intrude upon the fact finder’s role as the sole judge of the weight
and credibility given to any witness’s testimony.  Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997). 

            At trial, Officer Aguirre testified
that, on December
 20, 2000, he observed appellant’s truck traveling at a high
speed in an area with a speed limit of 35 miles per hour.  He saw appellant drive his truck behind
another vehicle, hit his brakes, switch lanes, and then take off.  He also observed appellant change lanes
without signaling, and he saw appellant weaving in and out of his lane roughly
three times.  Officer Aguirre testified
that appellant was traveling 50 miles per hour and described his driving as
“dangerous.”

            When Officer Aguirre conducted a
traffic stop of appellant’s vehicle, appellant jumped out of his truck and
approached Officer Aguirre’s patrol car. 
Officer Aguirre told appellant in English to stop and go back to his
vehicle.  When appellant did not appear
to understand, Officer Aguirre made the demand in Spanish.  Appellant appeared to understand but did not
obey the officer’s commands and instead stopped in front of the patrol
car.  Officer Aguirre then got out of his
patrol car and asked for appellant’s driver’s license.  Appellant replied that he did not have it
with him and stated that his name was “Pedro Perez.”  Appellant later gave his correct name, and
the computer in Officer Aguirre’s car indicated that appellant’s driver’s
license was suspended.  

            During the traffic stop, occurring
at about 7:13 p.m., Officer
Aguirre noticed that appellant had bloodshot eyes, slurred speech, and that he
used his truck to balance himself. 
Officer Aguirre smelled a strong odor of alcohol on appellant’s
person.  Appellant was not able to
successfully complete field sobriety tests Officer Aguirre administered.  Appellant admitted to Officer Aguirre that he
had consumed two drinks, one at 4:30 p.m. and the
other at 6:30 p.m.  In Officer Aguirre’s opinion, appellant was
intoxicated.  

            After appellant was taken to the
police station, Officer Dodson attempted to obtain a breath sample, but
appellant refused to give one.  Officer
Dodson videotaped appellant receiving warnings and taking field sobriety
tests.  The videotape was admitted in
evidence and played for the jury. 
Officer Dodson testified that he smelled alcohol on appellant’s breath
and observed appellant’s bloodshot eyes. 
He noticed that appellant had to balance himself against the wall during
one of the sobriety tests and that appellant appeared to be emotional and to be
experiencing mood swings.  In Officer
Dodson’s opinion, appellant was intoxicated. 


            Laticia
Delatorre, appellant’s sister, testified that she observed appellant for about
five minutes at 7:00 p.m. on the
evening of the alleged offense.  She
testified that she did not see him drinking and that he appeared sober to
her.  Guadalupe Solache,
appellant’s brother-in-law, also testified that he saw appellant that evening
and that he did not appear intoxicated.

            Both police officers testified that
appellant appeared to be intoxicated, and identified the specific observations
that led them to that conclusion.  See Henderson
v. State, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st
Dist.] 2002, pet. ref’d) (“The testimony of a police
officer that an individual is intoxicated is probative evidence of
intoxication.”).  Both officers observed
that appellant had bloodshot eyes and difficulty maintaining balance.  Appellant admitted to Officer Aguirre that he
had consumed two drinks of alcohol within a few hours of the traffic stop,
which Officer Aguirre initiated based on appellant’s erratic and dangerous
driving.  Further, the jury may consider
appellant’s refusal to give a breath sample as evidence of his guilt.  See Finley v. State, 809 SW.2d 909, 913 (Tex. App.—Houston [14th
Dist.] 1991, pet. ref’d).  

            Although two of appellant’s family
members gave conclusory testimony that appellant did
not appear to be intoxicated, the credibility of their testimony was for the
jury to determine.  See Cain, 958 S.W.2d at
407.  Viewing the evidence under
the familiar standards of review stated above, we conclude that the record
contains strong circumstantial evidence that appellant was guilty of the DWI
offense and that the evidence is legally and factually sufficient to support
appellant’s conviction.  Accordingly, we
overrule appellant’s second and third issues.

 

            Having overruled all of appellant’s
issues, we affirm the trial court’s judgment. 


 

 

                                                                                    

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

 

Judgment rendered and Memorandum
Opinion filed June 19,
 2003.

Panel consists of Justices Yates,
Anderson, and Frost.  (Anderson, J.
concurs in result only.)

Do Not Publish — Tex. R. App. P. 47.2(b).