COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-084-CR
 
 
RONALD 
WILLIAM HOLDER                                                    APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Ronald William Holder appeals from his conviction of driving while intoxicated (DWI). 
In his sole point, Appellant complains that the trial court erred in overruling 
his objection to the State’s improper closing argument. We affirm.
Background
        Only 
a brief recitation of the facts is necessary. Appellant was driving his vehicle 
when he was pulled over for having an expired vehicle registration by Officer 
Lopez from the Grapevine Police Department. Appellant drove into a parking lot 
and got out of his vehicle. It was then that Officer Lopez noticed Appellant’s 
impaired state. When Officer Lopez approached the vehicle and before he said 
anything, Appellant said, “You got me.” Officer Lopez administered three 
field sobriety tests on Appellant, all of which Appellant performed poorly. 
Officer Lopez subsequently arrested Appellant for DWI. At the police station, 
Appellant received his DWI statutory warning and refused to provide a breath 
specimen.
Sole Point
        In 
one point, Appellant contends that the trial court erred in overruling his 
objection to the State’s improper closing argument. Specifically, Appellant 
complains about the following:
   
[Prosecutor]: You know what he did?  He said, I’m going to risk 180-day 
license suspension, and I’m not going to blow.  That’s what he 
said.  I’m not intoxicated, but I’m going to take the six-month license 
suspension because I’m not intoxicated.
  
[Defense 
counsel]: Objection, Your Honor, arguing outside the scope. I think this guy 
doesn’t even know if there was a license suspension.
   
THE 
COURT: Overruled.
Don’t 
engage in guesswork or speculation. Base your decision solely upon the facts.
  
 
        To 
be permissible, the State’s jury argument must fall within one of the 
following four general areas: (1) summation of the evidence; (2) reasonable 
deduction from the evidence; (3) answer to argument of opposing counsel; or (4) 
plea for law enforcement. Felder v. State, 848 S.W.2d 85, 94-95 (Tex. 
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. 
State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).
        If 
a jury argument exceeds the bounds of proper argument, the trial court’s 
erroneous overruling of a defendant’s objection is not reversible error unless 
it affected the appellant’s substantial rights. Tex. R. App. P. 44.2(b); Martinez v. 
State, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); Mosley v. State, 
983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 
526 U.S. 1070 (1999). In determining whether the appellant’s substantial 
rights were affected, we consider: (1) the severity of the misconduct (i.e., the 
prejudicial effect of the prosecutor’s remarks); (2) curative measures; and 
(3) the certainty of conviction absent the misconduct. Martinez, 17 
S.W.3d at 692-93; Mosley, 983 S.W.2d at 259.
        The 
harm arising from improper jury argument is incurable if the argument (1) is 
extreme, improper, injects new and harmful facts into the case, or violates a 
mandatory statutory provision and (2) as a result, is so inflammatory that its 
prejudicial effect cannot reasonably be cured by an instruction to disregard. Long 
v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991), cert. denied, 
505 U.S. 1224 (1992).
        In 
this case, Appellant argues that the prosecutor’s argument fell outside all 
four of the permissible areas and that the argument had a substantial and 
injurious effect or influence on the jury’s verdict. However, even assuming 
the argument was improper, when considering the severity of the misconduct, the 
curative measures taken by the trial court, and the certainty of Appellant’s 
conviction, we cannot say that his substantial rights were affected.
        Assuming 
the prosecutor’s closing argument injected facts outside the record, when 
considering the entire record, we cannot say that the prosecutor’s remarks 
were so prejudicial or so extreme that Appellant’s substantial rights were 
affected. Additionally, although the trial court overruled Appellant’s 
objection, it admonished the jury to base its decision on the facts of the case 
without resorting to speculation. Finally, considering all the other evidence 
introduced at trial such as Officer Lopez’s testimony regarding Appellant’s 
performance on the three field sobriety tests, the videotape taken at the police 
station, and the refusal to take the breath test, we cannot say Appellant’s 
substantial rights were affected. See Finley v. State, 809 S.W.2d 909, 
913 (Tex. App.—Houston [14th Dist.] 1991, pet. ref’d) (holding that a jury 
may consider refusal to give breath sample as evidence of person’s guilt). 
Accordingly, Appellant’s sole point is overruled.
Conclusion
        We 
overrule Appellant’s sole point and affirm the trial court’s judgment.
  
  
                                                                  PER 
CURIAM
 
 
  
PANEL 
B: HOLMAN, DAUPHINOT, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 10, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.