HOLDER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-084-CR

RONALD WILLIAM HOLDER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Ronald William Holder appeals from his conviction of driving while intoxicated (DWI).  In his sole point, Appellant complains that the trial court erred in overruling his objection to the State’s improper closing argument.  We affirm.

Background

Only a brief recitation of the facts is necessary.  Appellant was driving his vehicle when he was pulled over for having an expired vehicle registration by Officer Lopez from the Grapevine Police Department.  Appellant drove into a parking lot and got out of his vehicle.  It was then that Officer Lopez noticed Appellant’s impaired state.  When Officer Lopez approached the vehicle and before he said anything, Appellant said, “You got me.”  Officer Lopez administered three field sobriety tests on Appellant, all of which Appellant performed poorly.  Officer Lopez subsequently arrested Appellant for DWI.  At the police station, Appellant received his DWI statutory warning and refused to provide a breath specimen.

Sole Point

In one point, Appellant contends that the trial court erred in overruling his objection to the State’s improper closing argument.  Specifically, Appellant complains about the following:

[Prosecutor]:  You know what he did? He said, I’m going to risk 180-day license suspension, and I’m not going to blow. That’s what he said. I’m not intoxicated, but I’m going to take the six-month license suspension because I’m not intoxicated.

[Defense counsel]:  Objection, Your Honor, arguing outside the scope. I think this guy doesn’t even know if there was a license suspension.

THE COURT:  Overruled.

Don’t engage in guesswork or speculation. Base your decision solely upon the facts.

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection is not reversible error unless it affected the appellant’s substantial rights.  
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  In determining whether the appellant’s substantial rights were affected, we consider:  (1) the severity of the misconduct (i.e., the prejudicial effect of the prosecutor’s remarks); (2) curative measures; and (3) the certainty of conviction absent the misconduct.  
Martinez
, 17 S.W.3d at 692-93; 
Mosley
, 983 S.W.2d at 259.

The harm arising from improper jury argument is incurable if the argument (1) is extreme, improper, injects new and harmful facts into the case, or violates a mandatory statutory provision and (2) as a result, is so inflammatory that its prejudicial effect cannot reasonably be cured by an instruction to disregard.  
Long v. State
, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991), 
cert
. 
denied
, 505 U.S. 1224 (1992). 

In this case, Appellant argues that the prosecutor’s argument fell outside all four of the permissible areas and that the argument had a substantial and injurious effect or influence on the jury’s verdict.  However, even assuming the argument was improper, when considering the severity of the misconduct, the curative measures taken by the trial court, and the certainty of Appellant’s conviction, we cannot say that his substantial rights were affected.

Assuming the prosecutor’s closing argument injected facts outside the record, when considering the entire record, we cannot say that the prosecutor’s remarks were so prejudicial or so extreme that Appellant’s substantial rights were affected.  Additionally, although the trial court overruled Appellant’s objection, it admonished the jury to base its decision on the facts of the case without resorting to speculation.  Finally, considering all the other evidence introduced at trial such as Officer Lopez’s testimony regarding Appellant’s performance on the three field sobriety tests, the videotape taken at the police station, and the refusal to take the breath test, we cannot say Appellant’s substantial rights were affected.  
See Finley v. State
, 809 S.W.2d 909, 913 (Tex. App.—Houston [14th Dist.] 1991, pet. ref’d) (holding that a jury may consider refusal to give breath sample as evidence of person’s guilt).  Accordingly, Appellant’s sole point is overruled.

Conclusion

We overrule Appellant’s sole point and affirm the trial court’s judgment. 

PER CURIAM

PANEL B:  HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 10, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.