In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00100-CR**

_____


**TRACI LOWE THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court**
**Hardin County, Texas**
**Trial Cause No. 59082**


**MEMORANDUM OPINION**

After a bench trial, the trial court convicted appellant Traci Lowe Thomas of misdemeanor driving while intoxicated and assessed punishment at confinement in the Hardin County jail for ninety days, but suspended imposition of the sentence and placed Thomas on community supervision for one year. In her sole appellate issue, Thomas challenges the legal sufficiency of the evidence supporting her conviction. We affirm the trial court's judgment.

THE EVIDENCE

Officer Robert Brothers III of the Lumberton Police Department testified that he made contact with Thomas on March 22, 2008, at approximately 7:00 a.m. after receiving a report of a vehicle being in a ditch. Officer Brothers testified that when he arrived, he observed Thomas in the fetal position in the driver's seat of the car that had crashed into the ditch. Officer Brothers testified that no one else was in the vehicle when he arrived on the scene, but Thomas's husband was at the scene.

When Officer Brothers began investigating what had happened and talking to Thomas, he noticed that Thomas's speech did not seem normal. According to Officer Brothers, Thomas's speech was slow, depressed, and slurred, and it was difficult to understand what she was saying. Officer Brothers also testified that Thomas was speaking "below a normal tone[,]" and he found her slow and depressed speech suspicious. When EMS personnel arrived and began assisting Thomas with stepping out of her car, Officer Brothers was sitting in his vehicle watching, and he testified that Thomas's movements seemed atypical and she required assistance getting out of her vehicle. Thomas's movements made Officer Brothers suspicious that she might have been driving while intoxicated. Officer Brothers spoke to Thomas after she was in the ambulance and he asked her if she

2

had taken any medication, and she responded that she had taken Vicodin approximately two hours earlier. Officer Brothers explained that based upon his observations and his investigation, he believed Thomas had lost the use of her mental and physical faculties due to the introduction of a drug into her system.

Officer Brothers testified that an in-car video was made of the scene, and the DVD was admitted into evidence and viewed by the trial judge. On the DVD, officers can be heard telling Thomas that her speech is slurred and they cannot understand her, and Thomas is visible upon being assisted from her car. According to Officer Brothers, Thomas was taken to Baptist Hospital, and she declined to give a blood sample upon being asked to do so. On cross-examination, Officer Brothers testified that he does not know the difference between the signs of intoxication and the signs of a concussion.

The trial court found Thomas guilty of driving while intoxicated and assessed punishment at ninety days in jail, suspended over a period of one year, and assessed a $500 fine. Thomas filed this appeal, in which she raises a single issue for our consideration.

## ISSUE ONE

In her sole issue, Thomas argues that the evidence was insufficient to support her conviction. The "*Jackson v. Virginia* legal-sufficiency standard is the

only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). In evaluating the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt. *Id.* at 902 n.19 (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The fact finder is the ultimate authority on the credibility of witnesses and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 902; *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). We give full deference to the fact finder's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. If the record contains conflicting inferences, we must presume that the fact finder resolved such facts in favor of the verdict and defer to that resolution. *Brooks*, 323 S.W.3d at 900 n.13; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence

4

when viewed in the light most favorable to the verdict. *Clayton*, 235 S.W.3d at 778. We may not substitute our judgment for that of the fact finder concerning the weight and credibility of the evidence. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (West Supp. 2012).[1] The Texas Penal Code defines "intoxicated" as follows: "(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body . . . ." *Id.* § 49.01(2)(A) (West 2011).

The trial court heard the testimony concerning Thomas's slow, depressed, slurred speech and difficulty moving, and viewed an in-car video recording of the scene. The trial court also heard testimony that Thomas refused to give a blood sample at the hospital when requested to do so. *See Finley v. State*, 809 S.W.2d 909, 913 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (Fact finder could consider refusal to provide blood sample as evidence of guilt.). It was the trial court's responsibility as fact finder to fairly resolve any conflicts in the testimony,

---

[1]Because the amendments to section 49.04 are not material to this appeal, we cite to the current version of the statute.

to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts, and we must presume that the trial court resolved conflicting inferences in favor of the verdict and we defer to that resolution. *See Brooks*, 323 S.W.3d at 900 n.13, 902; *Clayton*, 235 S.W.3d at 778; *Hooper*, 214 S.W.3d at 13. Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence was legally sufficient to support Thomas's conviction. *See Brooks*, 323 S.W.3d at 902 n.19. Accordingly, we overrule issue one and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice


Submitted on April 30, 2013
Opinion Delivered May 8, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.