

# NUMBER 13-14-00434-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOEL ELIZONDO,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

### On appeal from the 148th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides and Longoria
### Memorandum Opinion by Justice Longoria

A jury found appellant Joel Elizondo guilty of driving while intoxicated (DWI), elevated to a third-degree felony offense by having two prior DWI convictions. *See* TEX. PENAL CODE §§ 49.04(a), 49.09(b)(2) (West, Westlaw through 2015 R.S.). The trial judge assessed Elizondo's punishment at five years in the Texas Department of Criminal

Justice—Institutional Division. In a single issue on appeal, Elizondo contends that the evidence is legally insufficient to support his conviction. We affirm.

## I. BACKGROUND

On May 12, 2013 at 12:01 a.m., Officer Billy Wade Durbin stopped Elizondo's car for allegedly crossing the solid yellow lines dividing the lanes of traffic. After asking for Elizondo's driver's license and proof of insurance, Durbin noticed a strong smell of alcohol emanating from the vehicle. Durbin testified that Elizondo's eyes were red. According to Durbin, Elizondo originally denied having consumed alcohol but later admitted to having "three or four" drinks. Durbin began to administer the standardized field sobriety tests. Elizondo failed several of the tests, including the horizontal gaze nystagmus (HGN) test, the walk-and-turn test, and the one-legged stand test. Durbin called his supervisor, Sergeant Hernandez, to the scene for a "second opinion" because of Elizondo's "lack of cooperation" during the HGN. Hernandez discovered an open container of alcohol on the floor of the driver's side of Elizondo's vehicle. After Hernandez again administered the HGN test and confirmed that Elizondo failed the test, Durbin arrested Elizondo for DWI at approximately 12:47 a.m.

Elizondo agreed to provide a breath sample and was subsequently taken to the Robstown Police Department for testing. Peter Nava, a DPS Trooper, testified that he administered breath tests to Elizondo at 1:38 a.m. and 1:41 a.m. The alcohol concentration levels for the breath tests were 0.167 and 0.157, respectively. Technical Supervisor Roxana Lecocke testified that the Intoxilyzer machine that Nava used was functioning properly at the time of Elizondo's breath tests. The jury found Elizondo guilty of DWI. This appeal followed.

## II. LEGALLY SUFFICIENT EVIDENCE

### A.     Standard of Review and Applicable Law

In his sole issue, Elizondo argues that the evidence is legally insufficient to support

his conviction.

> In determining whether the evidence is legally sufficient to support a
> conviction, a reviewing court must consider all of the evidence in the light
> most favorable to the verdict and determine whether, based on that
> evidence and reasonable inferences therefrom, a rational fact finder could
> have found the essential elements of the crime beyond a reasonable doubt.

*Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014).  It is not the State's burden

to disprove "every conceivable alternative to the defendant's guilt"; the State must simply

prove the essential elements of the crime beyond a reasonable doubt.  *Temple v. State*,

390 S.W.3d 341, 363 (Tex. Crim. App. 2013).  Thus, on appeal, we determine only if a

reasonable jury could have found the essential elements of DWI beyond a reasonable

doubt.  *See Whatley,* 445 S.W.3d at 166.

The legal sufficiency of the evidence is measured against the elements of the

offense as defined by a hypothetically correct jury charge.  *Malik v. State*, 953 S.W.2d

234, 240 (Tex. Crim. App. 1997).  A person commits the offense of driving while

intoxicated if the person is intoxicated while operating a motor vehicle in a public place.

TEX. PENAL CODE § 49.04(a).  A person is "intoxicated" if the person does not have the

normal use of mental or physical faculties by reason of the introduction of alcohol, a

controlled substance, a drug, a dangerous drug, a combination of two or more of those

substances, or any other substance, into the body; or if he has an alcohol concentration

of 0.08 or more.  *Id.* § 49.01(2) (West, Westlaw through 2015 R.S.).  Driving while

intoxicated is a third-degree felony if the defendant has two prior DWI convictions. *Id.* § 49.09(b)(2).

## B.    DISCUSSION

Elizondo only challenges the intoxication element of his crime. Thus, we analyze whether a rational jury could have found beyond a reasonable doubt that Elizondo was intoxicated.

Durbin testified that he believed Elizondo to be intoxicated at the time of arrest in large part due to Elizondo's poor performance during the field sobriety tests. "Texas courts consistently uphold DWI convictions based upon the opinion testimony of police officers who observed the defendant's unsatisfactory performance in field sobriety tests." *Finley v. State*, 809 S.W.2d 909, 913 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). Hernandez also testified that he believed Elizondo was intoxicated based on his performance during the HGN test Hernandez administered. This testimony alone would be sufficient to uphold the DWI, *see id.*, but Nava also testified that Elizondo's breath test results were 0.167 and 0.157, which is approximately twice the legal limit of 0.08. TEX. PENAL CODE §§ 49.01(2)(B). Furthermore, Lecocke testified that Elizondo's alcohol concentration might have been as high as 0.20 when he was pulled over because most people's blood-alcohol levels have are already decreased by the time they get tested. When viewed in the light most favorable to the verdict, there is ample evidence to find beyond a reasonable doubt that Elizondo was intoxicated while operating a motor vehicle.

Elizondo offered several alternatives to explain his poor performance on the field sobriety tests and on appeal points to evidence that allegedly disproves that he was intoxicated. Elizondo claims that his poor performance on the field sobriety tests can be

4

attributed to his medical condition, gout, which can cause severe pain and difficulty with walking. Elizondo also claims that his lack of belligerence and lack of soiled clothing suggest that he was sober. However, "[t]hat conflicting evidence was introduced does not render evidence insufficient; indeed, the reviewing court must assume that the factfinder resolved conflicts in the evidence in favor of the verdict reached." *Matchett v. State*, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996). The State did not have to disprove Elizondo's theories. *See Temple*, 390 S.W.3d at 363. The jury was allowed to resolve any conflict in the State's favor. *See Matchett*, 941 S.W.2d at 936. Viewing the evidence in a light favorable to the State, we conclude that a jury could find beyond a reasonable doubt that Elizondo was intoxicated while driving because he failed the field sobriety tests and because his blood alcohol concentration was well above the legal limit of 0.08. *See* TEX. PENAL CODE § 49.01(2)(B). The evidence is legally sufficient to uphold Elizondo's conviction. We overrule Elizondo's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA LONGORIA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of October, 2015.