Brian D. **FINLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–90–0959–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 25, 1991.

W.A. Orr, Jr., Bay City, for appellant.

Kelly McClendon, Angleton, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Appellant was convicted by a jury of the misdemeanor offense of driving while in- toxicated and sentenced to 365 days in the Brazoria County jail and a $1,000.00 fine, probated for twelve months. He brings six points of error, alleging that: (1) the trial court erred in overruling his objection to the jury charge on presumption of inno- cence and burden of proof; (2) the trial court erred in overruling his objection to the State's jury argument; (3) the trial court erred in failing to dismiss the case due to the State's failure to videotape ap- pellant and failure to advise appellant of a right to a blood test; (4) the trial court erred in refusing his instruction to the jury that it not consider appellant's refusal to submit to a breath test; (5) the court erred in its failure to suppress testimony of the arresting officer who appellant claims was acting outside his jurisdiction; and (6) the court erred in overruling appellant's motion to exclude evidence of the Horizontal Gaze Nystagmus Test administered by the State. We affirm.

Appellant was arrested at 4:00 a.m. on October 15, 1989, after being observed driv- ing erratically while leaving the scene of a party. The arresting officer was a member of the City of Sweeny Police Department. The arrest took place outside the corporate limits of the city and the officer held the suspect until Department of Public Safety officers arrived and took custody of appel- lant. The arresting officer noted appel- lant's bloodshot eyes, an odor of alcohol about him and "hyperactive behavior." The D.P.S. officers observed signs of ex- treme intoxication and administered field sobriety tests, including the Horizontal Gaze Nystagmus Test. Appellant was transported to the Brazoria County Jail where he refused a breath test. No video- tape was made of appellant.

In his first point of error appellant contends the State's jury charge was inade- quate because it failed to require proof of each element of the offense beyond a rea- sonable doubt. The elements of the of- fense of driving while intoxicated are as follows:

(b) A person commits an offense if the person is intoxicated while driving or op-

erating a motor vehicle in a public place. The fact that any person charged with a violation of this section is or has been entitled to use a controlled substance or drug under the laws of this state is not a defense.

Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Vernon Supp.1991).

The State's burden of proof in any criminal proceeding is proof of each element beyond a reasonable doubt:

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial.

Tex.Penal Code Ann. § 2.01 (Vernon 1990); Tex.Code Crim.Proc.Ann. art. 38.03 (Vernon 1990).

To sustain a conviction for driving a motor vehicle while intoxicated the State must prove beyond a reasonable doubt that appellant drove a vehicle, while intoxicated, upon a public road, highway, street or alley. *See Johnson v. State*, 517 S.W.2d 536, 538 (Tex.Crim.App.1975). The trial court's charge contained the following instructions:

The Statutes of the State of Texas provide that any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State or upon any street or alley within the limits of an incorporated city, town, or village while such person is intoxicated or under the influence of intoxicating liquor shall be guilty of a misdemeanor.

The defendant is presumed to be innocent unless or until you are convinced beyond a reasonable doubt by legal evidence of his guilt, and in case you have a reasonable doubt of the defendant's guilt, you will acquit the defendant and say by your verdict "not guilty."

In all criminal cases the burden of proof is on the State to establish the guilt of the defendant beyond a reasonable doubt, and this burden of proof never shifts to the defendant.

You are further charged that an information is no evidence as to the guilt of the defendant, and you will not consider it as such. It is simply the means whereby the defendant is informed of the nature of the offense alleged against him.

We find that the instructions of the trial court were carefully tailored to the charge against appellant and met the requirement for proof of each element beyond a reasonable doubt. The cases to which appellant cites us address trial error that resulted from improper instruction regarding presumptions that arose pursuant to Tex.Penal Code Ann. § 2.05 (Vernon 1990) or other irrelevant issues. Appellant's first point of error is overruled.

■ In his second point of error appellant complains of the State's improper jury argument, referring to the following statement:

Mr. Orr would have you believe that the officers are up here lying, they are destroying State evidence.

The statement was made during the State's closing argument in the context of an answer to appellant's argument that the State had *destroyed evidence* by its *failure to videotape appellant* after his arrest. It is a well recognized rule that proper jury argument must fall within one of four categories: (1) summary of the evidence; (2) reasonable deduction from the evidence; (3) response to argument of opposing counsel; and (4) plea for law enforcement. *Modden v. State*, 721 S.W.2d 859, 862 (Tex. Crim.App.1986), *cert. denied*, 485 U.S. 1040, 108 S.Ct. 1603, 99 L.Ed.2d 917 (1988). The State's comment fell within the third exception and answered counsel's allegations that the arresting officers had committed an intentional and illegal act. The case to which appellant cites us forbids jury argument that is laudatory to police officers when the issue of intoxication is sharply contested and no additional testi-

mony is heard. Here the subject of the State's argument was response to an allegation by appellant's counsel. Other precedent to which appellant cites us addresses only the bolstering of witnesses' credibility. In this case the State sought to question the credibility of appellant's argument. Appellant's second point of error is overruled.

In his third point of error appellant claims the trial court erred in failing to dismiss the complaint because of the State's bad faith failure to preserve exculpatory evidence by not videotaping appellant after arrest and in not advising appellant of his right to a blood test. The pertinent statutory requirements are as follows:

> Sec. 24. (a) Each county with a population of 25,000 or more according to the most recent federal census shall purchase and maintain electronic devices capable of visually recording a person arrested within the county for an offense under Article 6701*l*-1, Revised Statutes, or Subdivision (2), Subsection (a), Section 19.05, Penal Code.

> (b) The sheriff of the county shall determine upon approval by the county commissioners court the number of devices necessary to ensure that a peace officer arresting a defendant for an offense listed in Subsection (a) of this section *may visually record* the defendant's appearance within a reasonable time after the arrest.

> (c) The fact that an arresting officer or other person acting on behalf of the state *failed to visually record* a person arrested for an offense listed in Subsection (a) of this section *is admissible at the trial* of the offense if the offense occurred in a county required to purchase and maintain electronic devices under this section.

Act of June 16, 1983, ch. 303, sec. 24, 1983 Tex.Gen.Laws 1568, 1605. (emphasis added). The statute has been construed by the Fort Worth Court of Appeals to require the videotaping of individuals arrested pursuant to art. 6701*l*-1. *Weaver v. State*, 700 S.W.2d 776 (Tex.App.—Fort Worth 1985, pet. ref'd). The *Weaver* Court held that "[i]t is true the statute does not specifically state that a visual recording must be made, but to interpret the statute as not requiring such recording would constitute a very narrow construction of the law. We find a more reasonable interpretation to be that the statute does contemplate and require that visual recordings be made and we so hold." *Id.* at 777.

The result of the State's failure to videotape individuals arrested for driving while intoxicated is not dismissal of the case. Subsection (c) of the statute mandates that such fact is *admissible at trial.* The *Weaver* Court expressed our concern when it said "[i]t is inconceivable to believe the legislature intended that prosecution for driving while intoxicated would be prohibited in counties of 25,000 or more population where no video was provided, but that prosecution would be permitted in counties with fewer than 25,000 population. Such a statute undoubtedly would be found to be unconstitutional as being discriminatory in its application." *Id.* at 778.

It is the holding of this court that appellant is not entitled to reversal due to the State's failure to maintain or use the video equipment in its possession and the court did not err in failing to dismiss the prosecution. No denial of due process resulted by the failure to videotape appellant. It was appellant's prerogative to raise the issue at trial, which he did. *See State v. Fox*, 772 S.W.2d 455 (Tex.App.—Beaumont 1989, no pet.); *Green v. State*, 745 S.W.2d 477 (Tex. App.—Corpus Christi 1988, no pet.); *Maddox v. State*, 705 S.W.2d 739 (Tex.App.—Houston [1st Dist.] 1986, pet. dism'd).

Appellant also contends bad faith in the State's failure to advise him of a right to a blood test. He cites us to *State v. Lyons*, 785 S.W.2d 946 (Tex.App.—Fort Worth 1990, pet. granted), for the proposition that there exists under Texas law a *statutory right for defendants to be in-*

*formed that they may have a blood test performed.* The statute cited in *Lyons* in support of that proposition follows:

> (d) The person who gave a specimen of breath, blood, urine, or other bodily substances in connection with this Act may, upon request and within a reasonable time not to exceed two hours after the arrest, have a physician, qualified technician, chemist, or registered professional nurse of his own choosing draw a specimen and have an analysis made of his blood in addition to any specimen taken and analyzed at the direction of a peace officer. The failure or inability to obtain an additional specimen or analysis by a person shall not preclude the admission of evidence relating to the analysis of the specimen taken at the direction of the peace officer under this Act.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, sec. 3(d) (Vernon Supp.1990).

Appellant in this case refused to provide a breath test sample. He therefore waived any right he had to secure subsequent samples for testing by an independent party. Where a D.W.I. defendant refuses to submit a sample for testing by a peace officer pursuant to this subsection, there exists no right to request a subsequent sample be taken, and the statute imposes no duty upon the State to inform him of any right to have subsequent samples drawn for further testing. Appellant's third point of error is overruled.

■ In his fourth point of error appellant contends the trial court erred in refusing his requested charge to the jury that they not consider his failure to submit to a breath test as evidence of guilt. The controlling statute follows:

> (g) If the person refuses a request by an officer to give a specimen of breath or blood, whether the refusal was express or the result of an intentional failure of the person to give the specimen, that fact may be introduced into evidence at the person's trial.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, sec. 3(g) (Vernon Supp.1990).

The statute provides that such evidence is admissible. It is inconceivable that the legislature would provide that such evidence is admissible and at the same time contemplate that the jury should be instructed not to consider it as evidence of guilt. Appellant's fourth point of error is overruled.

■ In his fifth point of error appellant alleges the trial court erred by failing to suppress testimony and evidence offered by the arresting officer because he acted outside his legal jurisdiction. A city police officer possesses the same power, rights, authority and jurisdiction as a city marshal. TEX.LOCAL GOV'T CODE ANN. § 341.001 (Vernon 1988). The jurisdiction of a city marshal is identical to that of the county sheriff. TEX.LOCAL GOV'T CODE ANN. § 341.021 (Vernon 1988). The sheriff possesses jurisdiction over his entire county in his position as conservator of the peace. TEX.CODE CRIM.PROC.ANN. art. 2.17 (Vernon 1990). *See Angel v. State*, 694 S.W.2d 164 (Tex. App.—Houston [14th Dist.] 1985, *aff'd*, 740 S.W.2d 727) (Tex.Cr.App.1987). The arresting officer possessed the same territorial jurisdiction as the county sheriff and was a fact witness. We find no error in the admission of his testimony or evidence. Appellant's fifth point of error is overruled.

■ In his final point of error appellant contends that the court erred in overruling his motion to exclude testimony and evidence of the Horizontal Gaze Nystagmus Test offered by the State. The grounds of his complaint are that D.P.S. officers who administered the test were not qualified as experts in ophthalmology and were therefore not qualified to offer testimony. The test in question was one of a battery of field sobriety tests performed on appellant before arrest and his subsequent refusal to take a breath test.

Texas courts consistently uphold DWI convictions based upon the opinion testimony of police officers who observed the defendant's unsatisfactory performance in field sobriety tests. *Cockerham v. State*, 401 S.W.2d 839, 840 (Tex.Crim.App.1966).

**914**

The courts of this state have also consistently held that police officers may offer opinion testimony of the Horizontal Gaze Nystagmus Test without first being qualified as an expert. *Lancaster v. State,* 772 S.W.2d 137, 139 (Tex.App.—Tyler 1988, pet. ref'd). Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.