Robin Sylvester BRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–078–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1993.

Discretionary Review Refused
Jan. 26, 1994.

Charles Manning, Beeville, for appellant.

Steven G. Paulsgrove, County Atty., Goliad, for appellee.

Before FEDERICO G. HINOJOSA, Jr., KENNEDY and DORSEY, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

A jury found appellant guilty of driving while intoxicated. The trial court assessed punishment at thirty days' confinement and a $300 fine. By four points of error, appellant complains that the trial court erred by refusing to impanel a jury to determine his competency to stand trial, by refusing to suppress evidence, by refusing to quash the information, and by refusing to charge the jury that failure to submit to a breath test may not be considered evidence of intoxication. We abate the appeal so the trial court may hold a retrospective competency hearing.

On March 7, 1992, Department of Public Safety Trooper Jerry Mead received a report from Deputy Sheriff Mike Gregg of a disturbance at a convenience store in Goliad. Deputy Gregg reported that persons who were intoxicated, used abusive language, and made threats had left the scene in a yellow or tan Ford with personalized license plates spelling "ENDIA." Trooper Mead observed a string of four or five vehicles approaching him on U.S. Highway 59 east of Goliad. The last car in the line was weaving in and out. The car would appear from behind the car in front of it and then disappear from view. Mead turned around, followed the vehicles, saw that appellant's vehicle was a yellow Ford with personalized license plates, but could not read the plates. Appellant's car traveled onto the shoulder a couple of times and was then jerked sharply back to the roadway. Mead then stopped the vehicle.

Appellant stepped out of the vehicle from the driver's seat, smelling of alcohol and staggering. He identified himself as Ken Jefferson and argued with Trooper Mead about the manner in which he had driven the vehicle. Appellant failed field sobriety tests and refused to submit to a breath test. Mead arrested him for driving while intoxicated.

By his second point of error, appellant complains that the trial court erred by failing to suppress evidence obtained as a result of an illegal arrest. Appellant argues

that the officer testified he saw appellant commit no traffic violations.

An appellate court, when reviewing a ruling on a motion to suppress evidence, views the evidence in the light most favorable to the trial court's ruling and defers to the trial court's findings. *Davis v. State,* 829 S.W.2d 218, 220 (Tex.Crim.App.1992). The State bears the burden of establishing the legality of a warrantless search or seizure. *Lalande v. State,* 676 S.W.2d 115, 116 (Tex. Crim.App.1984); *McVickers v. State,* 838 S.W.2d 651, 654 (Tex.App.—Corpus Christi 1992), aff'd, No. 1453–92, 1993 WL 491538 (Tex.Crim.App. December 1, 1993) (not yet reported).

An officer may temporarily stop and investigate a vehicle if the officer has reasonable suspicion based on articulable facts that the detainee is connected to unusual activity with some indication that the activity is related to crime. *Stone v. State,* 703 S.W.2d 652, 654 (Tex.Crim.App.1986).

Trooper Mead saw a yellow or tan Ford with personalized license plates weaving sharply, drifting to the edge of the shoulder and then jerking sharply back onto the main roadway, moments after he received a report that intoxicated persons caused a disturbance at a nearby convenience store and left the scene in a tan or yellow Ford with personalized license plates. These facts warranted a reasonable suspicion that the driver was intoxicated, and Trooper Mead legally detained the vehicle temporarily to investigate the condition of the driver. We overrule appellant's second point of error.

By his third point of error, appellant complains that the trial court erred by refusing to quash an information that he claims failed to give him adequate notice. He argues that the information charged him with driving while intoxicated without specifying what intoxicant, the measure of intoxication, or the location of the offense that the State would prove.

Appellant's argument is without merit. The information charged that appellant did: while intoxicated, drive and operate a motor vehicle, in a public place, in Goliad County, Texas, to-wit: a public road and highway when the said Robin Sylvester

Bright did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol into his body. The information clearly charges appellant with an offense under TEX.REV.CIV.STAT.ANN. art. 6701*l* –1(a)(2)(A) (Vernon Supp.1993). The information sufficiently alleges the intoxicant (alcohol) and the method of proving intoxication (lack of normal use of mental and physical faculties). *State v. Carter,* 810 S.W.2d 197, 200 (Tex.Crim.App.1991).

A charging instrument generally need only allege the county in which the offense was committed. *See Pinkerton v. State,* 660 S.W.2d 58, 63 (Tex.Crim.App. 1983); *Wilson v. State,* 825 S.W.2d 155, 159 (Tex.App.—Dallas 1992, pet. ref'd). When a type of location is an element of the offense, the charging instrument must allege the offense occurred in the specified type of location but need not allege a specific place within the type. *Nevarez v. State,* 503 S.W.2d 767, 769 (Tex.Crim.App.1974); *Lamm v. State,* 653 S.W.2d 495, 497 (Tex.App.—Corpus Christi 1983, pet. ref'd). The information charges appellant with driving while intoxicated in Goliad County and that he did so on a public highway or road, thus alleging an offense under TEX.REV.CIV.STAT.ANN. art. 6701*l* –1(a)(2). We overrule appellant's third point of error.

By his fourth point of error, appellant complains that the trial court erred by refusing to instruct the jury that refusal to submit to a breath test may not be considered evidence of intoxication. Appellant makes no constitutional challenges, and he does not contend that the officers failed to give statutory warnings before requesting a breath sample. Appellant only argues that statutes require a written charge on the law in fairness to the defendant.

The legislature has plainly stated that evidence that an accused refused to submit to breath or blood tests may be admitted in later prosecutions. TEX.REV.CIV.STAT.ANN. art. 6701*l* –5 § 3(g) (Vernon Supp.1993). A jury may consider the refusal as evidence that the accused was intoxicated. *Finley v. State,* 809 S.W.2d 909, 913 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). We overrule appellant's fourth point of error.

■ By his first point of error, appellant complains that the trial court erred by refusing his motion for a jury trial to determine his competency.

■ A person is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or if he does not have a rational and factual understanding of the proceedings against him. TEX.CODE CRIM.PROC.ANN. art. 46.02 § 1 (Vernon 1979). If evidence of the accused's incompetency comes to the trial court's attention from any source during the trial, the trial court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial. TEX. CODE CRIM.PROC.ANN. art. 46.02 § 2(b) (Vernon 1979). Any evidence greater than a scintilla supporting a finding of incompetence requires the trial court to submit the issue to a jury. *Mata v. State,* 632 S.W.2d 355, 357 (Tex.Crim.App. [Panel Op.] 1982). If the trial court fails to submit the issue of competency to a jury, the reviewing court may abate the appeal so that a retrospective competency hearing may be held. *See Huff v. State,* 807 S.W.2d 325, 326 (Tex.Crim.App. 1991).

In the present case and after the jury returned a verdict on guilt, appellant filed a motion for a competency hearing before a jury. The trial court heard testimony from appellant and appellant's counsel. Appellant testified that he had been a patient in mental hospitals in San Antonio in 1988 and 1989, having been placed there by a court. He stated that he did not cooperate with the person conducting the pre-sentence investigation (PSI) because he did not believe that his prior acts had any bearing on the disposition of the present case.[1] He testified that he called his attorney weekly to communicate about the case, but he could not recall any specific conversations, nor could he recall precisely what his attorney had said about the PSI and the need to cooperate with the person conducting the PSI.

Appellant's attorney testified that appellant had only contacted him twice while charges were pending, that he explained to appellant the relevance of a prior record and that the State could introduce the evidence, that he stressed the need to cooperate with the authorities in determining appellant's suitability for probation, that appellant had partially completed the PSI questionnaire at his office but that appellant had taken it and had not returned it, and that appellant had many relatives in the area but did not mobilize any support. Counsel testified that he explained to appellant that the chances for success on appeal were minimal and that they should concentrate on reducing punishment but that appellant did not rationally respond to the advice.

The above testimony constitutes some evidence that appellant lacked the ability to consult with his attorney with a reasonable degree of rational understanding. The trial court erred by failing to empanel a jury to determine whether appellant was competent to stand trial. We sustain appellant's first point of error. As appellant does not challenge the sufficiency of the evidence against him, we need not address any other issue.

Appellant's appeal is ordered abated, and this cause is remanded to the trial court for a retrospective competency hearing before a jury.

Before presiding over a competency hearing, however, the trial court is ordered to initially determine whether it is feasible to conduct a retrospective competency hearing. *See Ex parte Winfrey,* 581 S.W.2d 698, 699 (Tex.Crim.App.1979). If it is not possible to conduct a retrospective competency hearing, the trial court should make such a finding and enter an order to that effect. The trial court shall immediately forward a copy of any such order to this Court.

If the trial court determines that it is possible to conduct a retrospective competency hearing, then the trial court is ordered to immediately conduct such a hearing before a jury. The clerk of the trial court is ordered to prepare and file a supplemental transcript with the clerk of this Court on or before the

---

1. Appellant, who had a prior felony conviction, stated quite rationally, "I think that's—that would hurt me more if you all went into my past than the charge—what you all charged me with."

30th day after the trial court signs the competency hearing judgment. The trial court reporter is ordered to prepare and file the statement of facts with the clerk of this Court on or before the 30th day after the trial court signs the competency hearing judgment. The appeal will be reinstated when the record of the competency hearing is filed in this Court. Appellant will have fifteen days from the date of filing of the record of the competency hearing to file a supplemental brief addressing issues raised at the competency hearing or to inform this court that no supplemental brief will be filed. The State will have fifteen days from the date of filing of appellant's supplemental brief to respond to appellant's brief.

If the trial court does not comply with this order within thirty days, or explain why it cannot so comply, the appeal will be reinstated, the judgment reversed, and the cause remanded to the trial court for a new trial. *See Price v. State*, 818 S.W.2d 883 (Tex. App.—Corpus Christi 1991, no pet.).

The appeal is ABATED and the cause REMANDED to the trial court with instruction that the trial court hold a retrospective competency hearing before a jury, if feasible.