NUMBER 13-05-003-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


KORRY BRIAN SMITH, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of Aransas County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Memorandum Opinion by Justice Yañez
 

 

 On November 30, 2004, a jury found appellant, Korry Brian Smith, guilty of felony
driving while intoxicated. (1) The trial court assessed punishment at five years' imprisonment
in the Institutional Division of the Texas Department of Criminal Justice, probated for five
years, and a fine of $2,500.00. By one issue, appellant contends the trial court committed
jury charge error. We affirm.

Facts

 On January 24, 2004, appellant was involved in a traffic accident. Trooper Lester
Keener, an officer who responded to the call, determined that the cause of the accident
was appellant's failure to yield the right-of-way at a traffic signal. Trooper Keener, who
suspected that appellant was intoxicated, administered a field sobriety test. Appellant
failed the test and was placed under arrest for driving while intoxicated. Shortly thereafter,
appellant was transported to the police station where he was given the required statutory
warnings and asked to submit to a breathalyzer test, which he refused. On April 27, 2004,
appellant was indicted and pleaded not guilty. After a jury trial, appellant was found guilty
and shortly thereafter, timely filed a notice of appeal. 

Issue on Appeal

 Appellant contends the trial court committed charge error because a portion of the
jury instruction allowed the jury to infer guilt from appellant's lawful refusal to submit to a
breath test, which constituted an improper comment on the State's evidence.

Analysis

Standard of Review

 When reviewing charge error, we utilize a two-step process. (2) Our first duty in
analyzing a jury-charge issue is to determine whether error exists. (3) If we find error, we
analyze that error for harm. (4) Preservation of charge error does not become an issue until
we assess harm. (5) The degree of harm necessary for reversal depends on whether the
appellant preserved the error. (6) If the error in the charge was timely objected to in the trial
court, reversal is required if the error is calculated to injure the rights of the defendant. (7) If
a defendant failed to object, the judgment will not be reversed unless it appears that the
defendant has not had a fair and impartial trial. (8) 

Applicable Law

 The function of the jury charge is to instruct the jury on the law applicable to the
case. (9) Article 36.14 of the code of criminal procedure provides that a judge shall not, in
the charge, express any opinion as to the weight of the evidence, sum up the testimony,
discuss the facts or use any argument in the charge calculated to arouse the sympathy or
excite the passions of the jury. (10) A jury may consider a refusal to submit to a breath test
as evidence that the accused was intoxicated. (11)

 In this case, the complained-of portion of the jury charge reads as follows:

 You are instructed that where a Defendant is accused of violating Chapter
49.04, Texas Penal Code, it is permissible for the prosecution to offer
evidence that the defendant was offered and refused a breath test, providing
that he has first been made aware of the nature of the test and its purpose.
A Defendant under arrest for this offense shall be deemed to have given
consent to a chemical test of his breath for the purpose of determining the
alcoholic content of his blood.

 

 The prosecution asks you to infer that the defendant's refusal to take the test
is a circumstance tending to prove a consciousness of guilt. The defense
asks you to reject the inference urged by the prosecution and to conclude
that because of the circumstances existing at the time of the defendant's
refusal to take such test, you should not infer a consciousness of guilt.

 

 The fact that such test was refused is not sufficient standing alone, and by
itself, to establish the guilt of the Defendant, but is a fact which, if proven,
may be considered by you in the light of all other proven facts in deciding the
question of guilt or innocence. Whether or not the Defendant's refusal to take
the test shows a consciousness of guilt, and the significance to be attached
to his refusal, are matters for your determination.

 The charge set forth the applicable law and properly instructed the jury that it could
consider appellant's refusal to submit to a breath test in reaching its verdict. (12) The
instruction did not express an opinion as to the weight of the evidence, sum up the
testimony, or include arguments calculated to arouse the sympathy or excite the passions
of the jury. (13) Additionally, the instruction did not suggest to the jury that it could convict
solely on appellant's refusal to take a breath test. (14) Because a jury may consider a
defendant's refusal to submit to a breath test as evidence that the accused was
intoxicated, the trial court was within its discretion in submitting the instruction at issue. (15) 
We further conclude that such an instruction was not an improper comment on the weight
of the evidence. (16) Because we have concluded that the jury charge was proper, it is
unnecessary to conduct a harm analysis. (17) We overrule appellant's issue. 

Conclusion

 Because we have overruled appellant's sole issue, we affirm the judgment of the
trial court.


 

 LINDA REYNA YAÑEZ,

 Justice





Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 10th day of August, 2006.

1. See Tex. Pen. Code Ann. §§ 49.04 (Vernon 2003), 49.09 (Vernon Supp. 2005).
2. See King v. State, 174 S.W.3d 796, 812 (Tex. App.-Corpus Christi 2005, pet ref'd).
3. See id.
4. See id.
5. See id.
6. See Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) (en banc).
7. See Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); Penry v. State, 178 S.W.3d 782, 788 (Tex. Crim.
App. 2005).
8. See Tex. Code Crim. Proc. Ann. art. 36.19; Penry, 178 S.W.3d at 788.
9. See Dinkins v. State, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995), cert. denied, 516 U.S. 832 (1995). 
10. See Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2005).
11. See Bright v. State, 865 S.W.2d 135, 137 (Tex. App.-Corpus Christi 1993, pet. ref'd); Finley v. State, 809
S.W.2d 909, 913 (Tex. App.-Houston [14th Dist.] 1991, pet. ref'd) (stating, in relevant part, "It is inconceivable
that the legislature would provide that such evidence is admissible and at the same time contemplate that the
jury should be instructed not to consider it as evidence of guilt.").
12. See Tex. Code Crim. Proc. Ann. art. 36.14; Bright, 865 S.W.2d at 137; Finley, 809 S.W.2d at 913.
13. See Tex. Code Crim. Proc. Ann. art. 36.14.
14. See id.; Bright, 865 S.W.2d at 137; Finley, 809 S.W.2d at 913.
15. See Tex. Code Crim. Proc. Ann. art. 36.14; Bright, 865 S.W.2d at 137; Finley, 809 S.W.2d at 913.
16. See Tex. Code Crim. Proc. Ann. art. 36.14; Bright, 865 S.W.2d at 137; Finley, 809 S.W.2d at 913.
17. See Tex. R. App. P. 47.1.