NUMBER 13-06-00344-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ROY BOB BARTLETT, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court

of Aransas County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 Appellant, Roy Bob Bartlett, appeals from his conviction of felony driving while
intoxicated. See Tex. Penal Code Ann. § 49.04 (Vernon Supp. 2006). By a single issue,
Bartlett asserts the trial court's jury charge was a comment on the weight of the evidence
in violation of articles 36.14 and 36.19 of the code of criminal procedure. See Tex. Code
Crim. Proc. Ann. art. 36.14, 36.19 (Vernon 2007). We affirm.

I. BACKGROUND

 During the early morning hours of August 7, 2005, Department of Public Safety
Trooper Lester Keener was traveling northbound on Fulton Beach Road, when he
observed a vehicle traveling above the 25 mile an hour posted speed limit. Based on his
observation, Officer Keener initiated a traffic stop of Bartlett and noticed several signs of
intoxication. After speaking with Bartlett for several minutes, Trooper Keener attempted
to administer a series of field sobriety exercises. Bartlett refused and requested the
presence of his counsel. At that point, Officer Keener arrested Bartlett for driving while
intoxicated.

 At the trial, the jury returned a verdict of guilty, and Bartlett filed a motion for new
trial, contending that the court's jury charge was erroneous. The complained-of portion of
the jury charge reads as follows:

You are instructed that where a Defendant is accused of violating Chapter
49.04, Texas Penal Code, it is permissible for the prosecution to offer
evidence that the defendant was offered and refused a breath test, providing
that he has first been made aware of the nature of the test and its purpose.
A Defendant under arrest for this offense shall be deemed to have given
consent to a chemical test of his breath for the purpose of determining the
alcoholic content of his blood.


The prosecution asks you to infer that the defendant's refusal to take the test
is a circumstance tending to prove a consciousness of guilt. The defense
asks you to reject the inference urged by the prosecution and to conclude
that because of the circumstances existing at the time of the defendant's
refusal to take such test, you should not infer a consciousness of guilt.


The fact that such test was refused is not sufficient standing alone, and by
itself, to establish the guilt of the Defendant, but is a fact which, if proven,
may be considered by you in the light of all other proven facts in deciding the
question of guilt or innocence. Whether or not the Defendant's refusal to take
the test shows a consciousness of guilt, and the significance to be attached
to his refusal, are matters for your determination.


On June 6, 2006, the trial court held a hearing on Bartlett's motion for new trial. The trial
court denied Bartlett's motion and entered a judgment sentencing Bartlett to five years
confinement in jail and a fine of $1,500.00. Bartlett was then placed on community
supervision for five years. This appeal ensued.

II. DISCUSSION

 By his sole issue, Bartlett contends that the trial court erred in charging the jury on
Bartlett's refusal to take a breath test and in overruling Bartlett's objection to the court's
charge. Bartlett argues that part of the jury charge's language constitutes a comment on
the weight of the evidence in violation of articles 36.14 and 36.19 of the code of criminal
procedure. See Tex. Code Crim. Proc. Ann. art. 36.14, 36.19. Bartlett advances his issue
by arguing that the trial court erred in: (1) charging the jury on Bartlett's refusal to take a
breath test and (2) in overruling Bartlett's objection to the court's charge because the
language of the court's charge constituted a comment on the weight of the evidence. 

A. Standard of Review

 When reviewing charge error, we utilize a two-step process. See King v. State, 174
S.W.3d 796, 812 (Tex. App.-Corpus Christi 2005, pet ref'd). Our first duty in analyzing a
jury charge issue is to determine whether error exists. Id. If we find error, we analyze that
error for harm. Id. Preservation of charge error does not become an issue until we assess
harm. Id. The degree of harm necessary for reversal depends on whether the appellant
preserved error. See Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) (en
banc). If the appellant timely objected to the charge error in the trial court, reversal is
required if the error is calculated to injure the rights of the appellant. See Tex. Code Crim.
Proc. Ann. art. 36.19; Penry v. State, 178 S.W.3d 782, 788 (Tex. Crim. App. 2005). If a
defendant failed to object in the trial court, the judgment will not be reversed unless it
appears that the defendant has not had a fair and impartial trial. See Tex. Code Crim.
Proc. Ann. art. 36.19; Penry, 178 S.W.3d at 788. 

B. Applicable Law

 The function of the jury charge is to instruct the jury on the law applicable to the
case. See Dinkins v. State, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995). Article 36.14
of the code of criminal procedure provides that a judge shall not express any opinion in the
charge as to the weight of the evidence, sum up testimony, discuss the facts or use any
argument in the charge calculated to arouse the sympathy or excite the passions of the
jury. See Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007). A jury may consider a
refusal to submit to a breath test as evidence that the accused was intoxicated. See Bright
v. State, 865 S.W.2d 135, 137 (Tex. App.-Corpus Christi 1993, pet. ref'd); Finley v. State,
809 S.W.2d 909, 913 (Tex. App.-Houston [14th Dist.] 1991, pet. ref'd) (inconceivable that
legislature would provide for the admissibility of such evidence and also contemplate that
the jury should be instructed not to consider it as evidence of guilt).

C. Analysis

 On appeal, Bartlett argues that it was error for the trial court to instruct the jury that
refusal to submit to a breath test is evidence of guilt. The charge, however, set forth the
applicable law and properly instructed the jury that it could consider appellant's refusal to
submit to a breath test in reaching its verdict. See Tex. Code Crim. Proc. Ann. art. 36.14;
Bright, 865 S.W.2d at 137; Finley, 809 S.W.2d at 913. The instruction did not express an
opinion as to the weight of the evidence, sum up the testimony, or include arguments
calculated to arouse the sympathy or excite the passions of the jury. See Tex. Code Crim.
Proc. Ann. art. 36.14. Additionally, the instruction did not suggest to the jury that it could
convict solely on appellant's refusal to take a breath test. See id.; Bright, 865 S.W.2d at
137; Finley, 809 S.W.2d at 913. Because a jury may consider a defendant's refusal to
submit to a breath test as evidence that the accused was intoxicated, the trial court was
within its discretion in submitting the instruction at issue. See Tex. Code Crim. Proc. Ann.
art. 36.14; Bright, 865 S.W.2d at 137; Finley, 809 S.W.2d at 913. We further conclude that
such an instruction was not an improper comment on the weight of the evidence. See Tex.
Code Crim. Proc. Ann. art. 36.14; Bright, 865 S.W.2d at 137; Finley, 809 S.W.2d at 913. 
Because we have concluded that the jury charge was proper, it is unnecessary to conduct
a harm analysis. See Tex. R. App. P. 47.1. 

 Bartlett's sole point of error is overruled.

III. CONCLUSION

 The judgment of the trial court is affirmed. Tex. R. App. P. 43.2(a).






 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 28th day of August, 2007.