

NUMBER 13-08-00344-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SHEILA BRICE,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

On appeal from the County Court at Law
of Aransas County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Sheila Brice complains of the jury's verdict convicting her of the offense

of driving while intoxicated (DWI), a class A misdemeanor because of a prior DWI

conviction. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003), § 49.09(a) (Vernon Supp.

2009).  By one issue, Brice argues that the evidence is factually insufficient to prove that she was intoxicated.  We affirm.

## BACKGROUND

In the early morning hours of August 17, 2007, Sergeant Gavin Harrison of the Aransas County Sheriff's Department observed Brice's vehicle veer off the road, strike something, overcorrect as it came back onto the road, and veer into approaching traffic before the vehicle finally returned to its own lane.[1]  Sergeant Harrison turned on his emergency lights and followed Brice's vehicle until it came to a stop at her residence. Deputy Michael Huffman, Sergeant Harrison's partner, also followed Brice to her residence in his own patrol car.  While Sergeant Harrison left to investigate the collision, Deputy Huffman observed that Brice was unsteady on her feet, her speech was slurred, and her eyes were glassy and bloodshot.  Deputy Huffman administered one field sobriety test—the horizontal gaze nystagmus test—but Brice refused to submit to further field tests. Brice also refused to submit to a breath test.  Deputy Huffman then arrested Brice.  A search of Brice's car conducted incident to her arrest uncovered a partially-empty bottle of TGI Friday's piña colada drink, which was one-third full and cold to the touch.

A jury convicted Brice of the class A misdemeanor of driving while intoxicated.  *See id.* §§ 49.04, 49.09(a).  Punishment was assessed by the trial court at six months in the county jail, suspended for two years, and a $3,000 fine, $2,000 of which was also suspended.  The trial court also ordered Brice to serve fifteen days in the county jail, which could be served on weekends.  This appeal ensued.

---

[1]  Sergeant Harrison eventually determined that Brice had struck a stop sign; as a result of the collision, the stop sign fell over and landed on top of Brice's vehicle.

## STANDARD OF REVIEW and APPLICABLE LAW

In a factual sufficiency review, we view all of the evidence in a neutral light in order to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). Evidence may be factually insufficient if: (1) it is so weak as to be clearly wrong and manifestly unjust, or (2) the jury's verdict is against the great weight and preponderance of the available evidence. *Id.* "Although authorized to disagree with the jury's determination even if probative evidence exists which supports the verdict, a reviewing court must give due deference to the fact finder's determinations concerning the weight and credibility of the evidence and will reverse the fact finder's determination only to arrest the occurrence of a manifest injustice." *Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). Unless we can say with some objective basis in the record that the great weight and preponderance of the evidence contradict the jury's verdict, we will not reverse the judgment as factually insufficient. *Watson*, 204 S.W.3d at 417.

A person commits the offense of driving while intoxicated if she "is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a). "Intoxicated" is defined as "not having the normal use of mental or physical faculties" due to the introduction of alcohol or other substances into the body. *Id.* § 49.01(2)(A) (Vernon 2003). Intoxication may be proved by evidence of, among other things, slurred speech, bloodshot eyes, the odor of alcohol on the person or breath, unsteady balance, or a staggered gait. *See Cotton v. State*, 686 S.W.2d 140, 142 n.3 (Tex. Crim. App. 1985) (citations omitted); *see also Vera v. State*, Nos. 13-05-169-CR, 13-05-170-CR, 2008 WL 5181930, at *2 (Tex. App.–Corpus Christi Aug. 29, 2008, no pet.) (mem. op., not

3

designated for publication).  The jury may also "consider the defendant's refusal to submit to a breath test as evidence of driving while intoxicated."  *Hartman v. State*, 198 S.W.3d 829, 834 (Tex. App.–Corpus Christi 2006, no pet.) (citing *Bright v. State*, 865 S.W.2d 135, 137 (Tex. App.–Corpus Christi 1993, pet. ref'd)).

## DISCUSSION

In her sole issue on appeal, Brice contends that the evidence was factually insufficient to prove intoxication.  Our review of the record indicates otherwise.

At trial, Sergeant Harrison described in detail Brice's reckless driving, which included her veering off the road, knocking down a stop sign, and veering back onto the road into oncoming traffic before finally returning to her lane of traffic.  Deputy Huffman testified that after Brice exited her car, she appeared unsteady on her feet and disoriented.  In his testimony, Deputy Harrison described Brice's speech as slurred and stated that her responses were slow.  *See Cotton*, 686 S.W.2d at 142 n.3; *see also Vera*, 2008 WL 5181930, at *2.  He also testified that Brice's eyes were glassy and bloodshot and that, in his search of Brice's car, he found a cold bottle of piña colada drink that was only one-third full.  Moreover, there was evidence that Brice refused to submit to a breath test.  *See Hartman*, 198 S.W.3d at 834.

Brice argues that the State's evidence of intoxication, when considered in the context of the collision with the stop sign that occurred immediately before the traffic stop, is too weak to support a finding of guilt beyond a reasonable doubt.[2]  *See Zuniga v. State*,

---

[2]  Brice also appears to challenge the admissibility of Officer Huffman's testimony regarding the horizontal gaze nystagmus test, seemingly arguing that his testimony was unreliable in that he never explained how Brice's performance on the test was connected to her alleged intoxication.  However, to the extent that Brice is making an expert challenge to Officer Huffman's testimony, we note that she has inadequately briefed the issue; she fails to cite any portion of the record or any legal authority supporting her argument.  *See* TEX. R. APP. P. 38.1(i).

144 S.W.3d 477, 484-45 (Tex. Crim. App. 2004);[3] *see also Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003) (requiring courts of appeal to "consider the most important evidence that the appellant claims undermines the jury's verdict"). Brice contends that the behavior observed by Deputy Huffman—unsteadiness, slurred speech, slow response time, and glassy, bloodshot eyes—could all be explained by the fact that Brice had just been in a serious car accident that had caved in the roof of her vehicle and caused her airbags to deploy, possibly injuring her head. What Brice fails to note, however, is that the evidence at trial indicated that the stop sign had fallen on the passenger side of the vehicle and that the dent in the roof was on the passenger side. The evidence also shows that the emergency medical personnel who arrived on the scene ultimately determined that Brice suffered no head injuries. Regardless, our review of the trial record reveals that Brice attempted to advance this theory at trial, but to no avail. "That the evidence of guilt was not free of contradiction" and was subject to varying interpretations and "that the credibility of witnesses may have been subject to question does not require us to conclude that the verdict was factually insupportable." *Hartman*, 198 S.W.3d at 837. "Those circumstances merely create issues for the jury to resolve." *Id.* The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony, and we will not second guess its determination now on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

Brice also argues that we should consider "the evidence that is missing from the State's case. Specifically, the lack of a noticeable odor of alcohol . . . ." However, the

---

[3] We note that Brice has cited as one of her primary authorities a case that was overruled by the Texas Court of Criminal Appeals over three years ago. *See Zuniga v. State*, 144 S.W.3d 477, 484-45 (Tex. Crim. App. 2004), *overruled by Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

absence of this evidence does not negate the previously-discussed affirmative evidence of intoxication, namely Brice's reckless driving, unsteadiness, slurred speech, slow response time, glassy, bloodshot eyes, and the presence of a cold, partially-empty bottle of alcohol in Brice's car. *See Watson*, 204 S.W.3d at 417 (holding that the reviewing court must find "some objective basis in the record that the great weight and preponderance of the evidence contradicts the jury's verdict").

In sum, we conclude that the evidence of Brice's intoxication was not so weak as to render the verdict clearly wrong or manifestly unjust, nor was the jury's verdict against the great weight and preponderance of the available evidence. *See id.*, 204 S.W.3d at 414-15. As such, the evidence was factually sufficient to support the jury's finding that Brice did not have the normal use of her mental and physical faculties as a result of the introduction of alcohol into her body. *See* TEX. PENAL CODE ANN. § 49.01(2)(A); *Watson*, 204 S.W.3d at 414-15. Brice's first issue is overruled.

## CONCLUSION

Having overruled Brice's sole issue, we affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 17th
day of December, 2009.