NUMBER 13-08-00344-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


SHEILA BRICE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court at Law 

of Aransas County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Rodriguez



 Appellant Sheila Brice complains of the jury's verdict convicting her of the offense
of driving while intoxicated (DWI), a class A misdemeanor because of a prior DWI
conviction. See Tex. Penal Code Ann. § 49.04 (Vernon 2003), § 49.09(a) (Vernon Supp.
2009). By one issue, Brice argues that the evidence is factually insufficient to prove that 
she was intoxicated. We affirm. 

BACKGROUND

 In the early morning hours of August 17, 2007, Sergeant Gavin Harrison of the
Aransas County Sheriff's Department observed Brice's vehicle veer off the road, strike
something, overcorrect as it came back onto the road, and veer into approaching traffic
before the vehicle finally returned to its own lane. (1) Sergeant Harrison turned on his
emergency lights and followed Brice's vehicle until it came to a stop at her residence. 
Deputy Michael Huffman, Sergeant Harrison's partner, also followed Brice to her residence
in his own patrol car. While Sergeant Harrison left to investigate the collision, Deputy
Huffman observed that Brice was unsteady on her feet, her speech was slurred, and her
eyes were glassy and bloodshot. Deputy Huffman administered one field sobriety
test--the horizontal gaze nystagmus test--but Brice refused to submit to further field tests. 
Brice also refused to submit to a breath test. Deputy Huffman then arrested Brice. A
search of Brice's car conducted incident to her arrest uncovered a partially-empty bottle
of TGI Friday's piña colada drink, which was one-third full and cold to the touch.

 A jury convicted Brice of the class A misdemeanor of driving while intoxicated. See
id. §§ 49.04, 49.09(a). Punishment was assessed by the trial court at six months in the
county jail, suspended for two years, and a $3,000 fine, $2,000 of which was also
suspended. The trial court also ordered Brice to serve fifteen days in the county jail, which
could be served on weekends. This appeal ensued.

STANDARD OF REVIEW and APPLICABLE LAW

 In a factual sufficiency review, we view all of the evidence in a neutral light in order
to determine whether a jury was rationally justified in finding guilt beyond a reasonable
doubt. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). Evidence may
be factually insufficient if: (1) it is so weak as to be clearly wrong and manifestly unjust, or
(2) the jury's verdict is against the great weight and preponderance of the available
evidence. Id. "Although authorized to disagree with the jury's determination even if
probative evidence exists which supports the verdict, a reviewing court must give due
deference to the fact finder's determinations concerning the weight and credibility of the
evidence and will reverse the fact finder's determination only to arrest the occurrence of
a manifest injustice." Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). 
Unless we can say with some objective basis in the record that the great weight and
preponderance of the evidence contradict the jury's verdict, we will not reverse the
judgment as factually insufficient. Watson, 204 S.W.3d at 417.

 A person commits the offense of driving while intoxicated if she "is intoxicated while
operating a motor vehicle in a public place." Tex. Penal Code Ann. § 49.04(a). 
"Intoxicated" is defined as "not having the normal use of mental or physical faculties" due
to the introduction of alcohol or other substances into the body. Id. § 49.01(2)(A) (Vernon
2003). Intoxication may be proved by evidence of, among other things, slurred speech,
bloodshot eyes, the odor of alcohol on the person or breath, unsteady balance, or a
staggered gait. See Cotton v. State, 686 S.W.2d 140, 142 n.3 (Tex. Crim. App. 1985)
(citations omitted); see also Vera v. State, Nos. 13-05-169-CR, 13-05-170-CR, 2008 WL
5181930, at *2 (Tex. App.-Corpus Christi Aug. 29, 2008, no pet.) (mem. op., not
designated for publication). The jury may also "consider the defendant's refusal to submit
to a breath test as evidence of driving while intoxicated." Hartman v. State, 198 S.W.3d
829, 834 (Tex. App.-Corpus Christi 2006, no pet.) (citing Bright v. State, 865 S.W.2d 135,
137 (Tex. App.-Corpus Christi 1993, pet. ref'd)). 

DISCUSSION

 In her sole issue on appeal, Brice contends that the evidence was factually
insufficient to prove intoxication. Our review of the record indicates otherwise.

 At trial, Sergeant Harrison described in detail Brice's reckless driving, which included
her veering off the road, knocking down a stop sign, and veering back onto the road into
oncoming traffic before finally returning to her lane of traffic. Deputy Huffman testified that
after Brice exited her car, she appeared unsteady on her feet and disoriented. In his
testimony, Deputy Harrison described Brice's speech as slurred and stated that her
responses were slow. See Cotton, 686 S.W.2d at 142 n.3; see also Vera, 2008 WL
5181930, at *2. He also testified that Brice's eyes were glassy and bloodshot and that, in
his search of Brice's car, he found a cold bottle of piña colada drink that was only one-third
full. Moreover, there was evidence that Brice refused to submit to a breath test. See
Hartman, 198 S.W.3d at 834. 

 Brice argues that the State's evidence of intoxication, when considered in the
context of the collision with the stop sign that occurred immediately before the traffic stop,
is too weak to support a finding of guilt beyond a reasonable doubt. (2) See Zuniga v. State,
144 S.W.3d 477, 484-45 (Tex. Crim. App. 2004); (3) see also Sims v. State, 99 S.W.3d 600,
603 (Tex. Crim. App. 2003) (requiring courts of appeal to "consider the most important
evidence that the appellant claims undermines the jury's verdict"). Brice contends that the
behavior observed by Deputy Huffman--unsteadiness, slurred speech, slow response
time, and glassy, bloodshot eyes--could all be explained by the fact that Brice had just
been in a serious car accident that had caved in the roof of her vehicle and caused her
airbags to deploy, possibly injuring her head. What Brice fails to note, however, is that the
evidence at trial indicated that the stop sign had fallen on the passenger side of the vehicle
and that the dent in the roof was on the passenger side. The evidence also shows that the
emergency medical personnel who arrived on the scene ultimately determined that Brice
suffered no head injuries. Regardless, our review of the trial record reveals that Brice
attempted to advance this theory at trial, but to no avail. "That the evidence of guilt was
not free of contradiction" and was subject to varying interpretations and "that the credibility
of witnesses may have been subject to question does not require us to conclude that the
verdict was factually insupportable." Hartman, 198 S.W.3d at 837. "Those circumstances
merely create issues for the jury to resolve." Id. The jury is the exclusive judge of the
credibility of the witnesses and of the weight to be given their testimony, and we will not
second guess its determination now on appeal. See Tex. Code Crim. Proc. Ann. art.
36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

 Brice also argues that we should consider "the evidence that is missing from the
State's case. Specifically, the lack of a noticeable odor of alcohol . . . ." However, the
absence of this evidence does not negate the previously-discussed affirmative evidence
of intoxication, namely Brice's reckless driving, unsteadiness, slurred speech, slow
response time, glassy, bloodshot eyes, and the presence of a cold, partially-empty bottle
of alcohol in Brice's car. See Watson, 204 S.W.3d at 417 (holding that the reviewing court
must find "some objective basis in the record that the great weight and preponderance of
the evidence contradicts the jury's verdict"). 

 In sum, we conclude that the evidence of Brice's intoxication was not so weak as
to render the verdict clearly wrong or manifestly unjust, nor was the jury's verdict against
the great weight and preponderance of the available evidence. See id., 204 S.W.3d at
414-15. As such, the evidence was factually sufficient to support the jury's finding that
Brice did not have the normal use of her mental and physical faculties as a result of the
introduction of alcohol into her body. See Tex. Penal Code Ann. § 49.01(2)(A); Watson,
204 S.W.3d at 414-15. Brice's first issue is overruled.

CONCLUSION

 Having overruled Brice's sole issue, we affirm the judgment of the trial court.


 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Delivered and filed the 17th

day of December, 2009.
1. Sergeant Harrison eventually determined that Brice had struck a stop sign; as a result of the
collision, the stop sign fell over and landed on top of Brice's vehicle.
2. Brice also appears to challenge the admissibility of Officer Huffman's testimony regarding the
horizontal gaze nystagmus test, seemingly arguing that his testimony was unreliable in that he never explained
how Brice's performance on the test was connected to her alleged intoxication. However, to the extent that
Brice is making an expert challenge to Officer Huffman's testimony, we note that she has inadequately briefed
the issue; she fails to cite any portion of the record or any legal authority supporting her argument. See Tex.
R. App. P. 38.1(i). 
3. We note that Brice has cited as one of her primary authorities a case that was overruled by the
Texas Court of Criminal Appeals over three years ago. See Zuniga v. State, 144 S.W.3d 477, 484-45 (Tex.
Crim. App. 2004), overruled by Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).