In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-09-00047-CR


____________________



ALEJANDRO PEREZ, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause No. 07-229774






 MEMORANDUM OPINION


 A jury found Alejandro Perez guilty of driving while intoxicated. See Tex. Pen. Code
Ann. § 49.04 (Vernon 2003). The judge sentenced Perez to one year in county jail. In two
issues, Perez challenges the legal and factual sufficiency of the evidence supporting his
conviction. We overrule Perez's issues and affirm the trial court's judgment.

 In a legal sufficiency review, an appellate court considers the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The trier of fact is the sole judge of the
facts proven and of the weight to be given the testimony, unless otherwise provided by law. 
Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979); see also
Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008) ("Appellate courts should
afford almost complete deference to a jury's decision when that decision is based upon an
evaluation of credibility.").

 In a factual sufficiency review, the court considers the evidence in a neutral light. 
Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). "Evidence can be factually
insufficient in one of two ways: (1) when the evidence supporting the verdict is so weak that
the verdict seems clearly wrong and manifestly unjust, and (2) when the supporting evidence
is outweighed by the great weight and preponderance of the contrary evidence so as to render
the verdict clearly wrong and manifestly unjust. Id. (citing Watson v. State, 204 S.W.3d 404,
414-15 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). 
The reviewing court may not reverse for factual sufficiency if "'the greater weight and
preponderance of the evidence actually favors conviction.'" Id. (quoting Watson, 204
S.W.3d at 417).

 Driving while intoxicated occurs when an intoxicated person operates a vehicle in a
public place. See Tex. Pen. Code Ann. § 49.04. "Intoxicated," as defined by the charge in
this case, meant, "not having the normal use of mental or physical faculties by reason of the
introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of
two or more of those substances, or any other substance into the body[.]" Tex. Pen. Code
Ann. § 49.01(2)(A) (Vernon 2003).

 One of the State's witnesses, A.M., on the night of May 19, 2007, was headed north
on Willis Waukegan road in Montgomery County. A.M. observed a truck speed up behind
her; she pulled over and the truck passed her. Soon, she saw another truck behind her that
appeared to be "speeding" and in the wrong lane. A.M. pulled over to let that truck pass, 
but just after it passed, the driver failed to make the curve, hit the sign identifying the curve
in the road, and ran into a fence. A.M. explained there was no on-coming traffic at the time
of the accident. A.M. stopped and pulled into the driveway of the fenced property and waited
there until the police arrived. While waiting for the police, she heard the property owners
tell Perez not to leave, but she could not understand what he said in response to that request. 
When the police arrived, A.M. gave her statement.

 The State also called Mike Franklin, a State trooper. Trooper Franklin testified that
he responded to the accident, and after arriving, he observed a truck that missed the curve
and then hit a fence. When he spoke with Perez, Franklin "smelled a very strong odor of an
alcoholic beverage coming off his breath and person immediately." Franklin also noticed
that Perez had "[s]lurred speech, glassy eyes," and that he was "extremely unsteady on his
feet." Franklin stated that Perez's speech was so slurred he "could barely understand him." 
Franklin testified that Perez told him he was "following this lady," but Franklin also
explained that he did not know who Perez was talking about. Perez also informed Franklin
that he was "legally blind," and attributed his slurred speech to a speech impediment.

 Of the standard field sobriety tests that Franklin attempted to administer, Perez
completed only the horizontal gaze nystagmus ("HGN") test. Franklin testified that four
positive clues in the HGN test indicated intoxication; and according to Franklin, Perez tested
positive on each of the six possible clues. Perez refused to do the walk-and-turn field
sobriety test based on his claim that he could not see. Perez also refused to perform the one-leg stand field sobriety test. A videotape of the officer's investigation confirms that Perez
declined Franklin's request for additional field sobriety tests. Additionally, the videotape
shows that Perez asked Franklin multiple times why he stopped him, even though he had just
been involved in an accident. Based on the positive HGN test, Perez's failure to cooperate
with other tests, and his observations of Perez, Franklin concluded that Perez was
intoxicated. After placing Perez under arrest, Franklin requested a breath sample; Perez
refused to provide one.

 Perez testified at the trial. Perez works in the construction business and explained that
he was currently employed as a superintendent. When asked why he did not have a current
Texas driver's license, Perez explained that he is not able to pass the eye exam. Perez
testified that since his childhood he has been "legally blind."

 Perez also gave his account about encountering Franklin following the accident. 
Perez testified that he told Franklin that a truck with "big bright lights" blinded him as he
approached the curve. Perez also explained what he considers to be the cause of his speech
impediment. Because Perez felt that Franklin acted in a judgmental manner, he decided not
to provide any further explanation about the accident, refused the additional field sobriety
tests requested of him, and declined Franklin's request for a breath sample. Perez also
claimed that he had a big bump on his head and suffered headaches from the accident; in
contrast, Franklin testified that Perez did not mention any head injury during his
investigation.

 We conclude that there is sufficient evidence to support Perez's conviction. An
officer's testimony may provide sufficient evidence to support a conviction for driving while
intoxicated. See Dornbusch v. State, 262 S.W.3d 432, 433-34, 438 (Tex. App.-Fort Worth
2008, no pet.) (upholding driving-while-intoxicated conviction based on officer's testimony
that: (1) the car smelled of alcohol; (2) the officer noticed defendant's bloodshot eyes, slurred
speech, and disoriented appearance; and (3) the defendant displayed all six clues of
intoxication when officer performed the HGN test); see also Whisenant v. State, 557 S.W.2d
102, 105 (Tex. Crim. App. 1977) (holding that officer's testimony was sufficient to support
the trial court's finding at a revocation proceeding that probationer violated the conditions
of probation by driving a motor vehicle upon a public highway while intoxicated). 
Moreover, a refusal to provide a breath sample may be considered by the fact finder. See
Gaddis v. State, 753 S.W.2d 396, 399-400 (Tex. Crim. App. 1988); Bright v. State, 865
S.W.2d 135, 137 (Tex. App.-Corpus Christi 1993, pet. ref'd); Finley v. State, 809 S.W.2d
909, 913 (Tex. App.-Houston [14th Dist.] 1991, pet. ref'd); see also Tex. Transp. Code
Ann. § 724.061 (Vernon 1999) ("A person's refusal of a request by an officer to submit to
the taking of a specimen of breath or blood, whether the refusal was express or the result of
an intentional failure to give the specimen, may be introduced into evidence at the person's
trial."). Additionally, in this case, the jury also heard testimony from A.M., who witnessed
Perez's erratic driving just before the accident and then saw his truck fail to negotiate the
curve.

 Viewing the record in the light most favorable to the verdict, a rational jury could
have concluded beyond a reasonable doubt that Perez was intoxicated while driving in a
public place. Furthermore, our neutral review of the entire record does not demonstrate that
the proof of guilt is so obviously weak as to undermine our confidence in the jury's
determination, nor does it demonstrate that the proof of guilt is greatly outweighed by
contrary proof. As the trier of fact, the jury was free to determine what weight to give the
testimony of each of the witnesses. The jury was not required to believe the testimony of any
specific witness and could draw rational inferences from the testimony in resolving any
inconsistencies. We hold that the evidence is legally and factually sufficient to support the
verdict. We overrule Perez's two issues, and we affirm the trial court's judgment.

 AFFIRMED.



 ____________________________

 HOLLIS HORTON

 Justice


Submitted on December 31, 2009

Opinion Delivered January 27, 2010

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.