

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00529-CR

| | | |
|---|---|---|
| Harvey Dale Wright Jr. | § | From County Criminal Court No. 8 |
| | § | of Tarrant County (1140908) |
| v. | § | March 21, 2013 |
| | § | Opinion by Justice Gabriel |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Lee Gabriel



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00529-CR

HARVEY DALE WRIGHT JR.                                                 APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

### Introduction

In a single issue, Appellant Harvey Dale Wright Jr. challenges the sufficiency of the evidence to support his conviction for driving while intoxicated (DWI). We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

Azle Police Officer Christopher Negrete was pulling into a bar's parking lot after midnight when Officer David Poe alerted him to a white pickup truck he had just seen strike a car parked at the bar. Officer Negrete stopped Appellant's white pickup truck, and when he approached Appellant, he smelled a moderate odor of alcohol; noticed that Appellant's eyes were bloodshot, watering, and heavy; and also noticed that Appellant's speech was slurred. When the officer instructed him to walk to the back of the truck, Appellant was unsteady. Appellant appeared to be intoxicated and admitted that he had consumed about four beers.

Officer Negrete administered the walk-and-turn and one-leg-stand field-sobriety tests. Appellant exhibited four out of ten clues of intoxication on the walk-and-turn and two out of four on the one-leg stand. Appellant also failed an alphabet test as well as a counting test.

Officer Negrete took Appellant to jail, where he asked Appellant if he would submit to a breath test. Appellant refused. Appellant also refused to repeat the field-sobriety tests. Officer Negrete concluded that Appellant had lost the normal use of his mental and physical faculties and that he appeared intoxicated.

At trial, the State offered in-car and jail videos showing Appellant's performance on the sobriety tests, and the jury found him guilty of DWI. The trial court assessed punishment at two years' probation.

**Standard of Review**

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). When the record supports conflicting inferences, a reviewing court must presume that the trier of fact resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. The trier of fact is the sole judge of the weight and credibility of the evidence. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wise*, 364 S.W.3d at 903. Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the trier of fact. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

**Discussion**

In his sole issue, Appellant claims that the evidence is insufficient to show that he was "intoxicated" while driving.

A person commits DWI if the person is intoxicated while operating a motor vehicle in a public place. Tex. Pen. Code Ann. § 49.04(a) (West Supp. 2012). "Intoxicated" means "not having the normal use of mental or physical faculties by

reason of the introduction of alcohol . . . into the body." *Id.* § 49.01(2)(A) (West 2011).

A police officer's testimony that an individual is intoxicated is probative evidence of intoxication. *Henderson v. State*, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd); *see Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979) (holding the opinion testimony of an officer legally sufficient to support a finding of intoxication); *Zill v. State*, 355 S.W.3d 778, 786 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (same).

In this case, Officer Negrete testified that Appellant appeared to be intoxicated. The record shows that Appellant hit a car parked at a bar; that he smelled moderately of alcohol; that his eyes were bloodshot and his speech was slurred; that he admitted to having about four beers; and that his walk was unsteady.

The record also shows that Officer Negrete observed four out of ten clues of intoxication on the walk-and-turn test; that Appellant exhibited two out of four clues of intoxication on the one-leg-stand test; that he failed the alphabet and counting tests; that he refused a breath test and also refused to repeat the sobriety tests at the jail; and that Officer Negrete believed that Appellant appeared to be intoxicated and had lost the normal use of his mental and physical faculties due to having consumed alcohol.

In addition, the jury watched the in-car and jail videos, observing Appellant at the scene and at jail for itself, and found that Appellant was intoxicated. *See*

4

*Russell v. State*, 290 S.W.3d 387, 397 (Tex. App.—Beaumont 2009, no pet.) (holding that a jury could draw its own conclusions from observing the defendant's behavior in the video and decide that he appeared intoxicated).

Further, refusal to take a breath test may be considered as evidence of guilt. *See Gaddis v. State*, 753 S.W.2d 396, 399 (Tex. Crim. App. 1988) (noting that "it was not improper to simply argue that appellant refused [testing] because he was intoxicated"); *see also Russell*, 290 S.W.3d at 397 (noting that the jury could have inferred from the defendant's refusal to take a breath test that he believed he was intoxicated); *Finley v. State*, 809 S.W.2d 909, 913 (Tex. App.—Houston [14th Dist.] 1991, pet ref'd) (holding that a jury may consider refusal to provide breath or blood samples as evidence of guilt).

Thus, viewing the evidence in the light most favorable to the verdict, we hold that the evidence is sufficient to show that Appellant operated a motor vehicle in a public place while not having the normal use of his mental and physical faculties by introduction of alcohol into his body. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Wise*, 364 S.W.3d at 903; *Zill*, 355 S.W.3d at 785–88. Accordingly, we hold that the evidence is sufficient to support the verdict, and we overrule Appellant's sole issue.

**Conclusion**

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 21, 2013