02-11-529-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00529-CR

 

 


 
 
 Harvey
 Dale Wright Jr.
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From County Criminal
 Court No. 8
  
 of
 Tarrant County (1140908)
  
 March
 21, 2013
  
 Opinion
 by Justice Gabriel
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

 

By_________________________________

   
Justice Lee Gabriel

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00529-CR


 
 
 Harvey Dale Wright Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
 V.
 
 
 
 
 The
 State of Texas
 
 
  
 
 
 STATE
 
 


----------

FROM County
Criminal Court No. 8 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Introduction

          In
a single issue, Appellant Harvey Dale Wright Jr. challenges the sufficiency of
the evidence to support his conviction for driving while intoxicated (DWI).  We
affirm.

Background
Facts

Azle
Police Officer Christopher Negrete was pulling into a bar’s parking lot after
midnight when Officer David Poe alerted him to a white pickup truck he had just
seen strike a car parked at the bar.  Officer Negrete stopped Appellant’s white
pickup truck, and when he approached Appellant, he smelled a moderate odor of
alcohol; noticed that Appellant’s eyes were bloodshot, watering, and heavy; and
also noticed that Appellant’s speech was slurred.  When the officer instructed
him to walk to the back of the truck, Appellant was unsteady.  Appellant
appeared to be intoxicated and admitted that he had consumed about four beers.

Officer
Negrete administered the walk-and-turn and one-leg-stand field-sobriety tests. 
Appellant exhibited four out of ten clues of intoxication on the walk-and-turn
and two out of four on the one-leg stand.  Appellant also failed an alphabet
test as well as a counting test.

Officer
Negrete took Appellant to jail, where he asked Appellant if he would submit to
a breath test.  Appellant refused.  Appellant also refused to repeat the field-sobriety
tests.  Officer Negrete concluded that Appellant had lost the normal use of his
mental and physical faculties and that he appeared intoxicated.

At
trial, the State offered in-car and jail videos showing Appellant’s performance
on the sobriety tests, and the jury found him guilty of DWI.  The trial court
assessed punishment at two years’ probation.

Standard of Review

          In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Wise v. State,
364 S.W.3d 900, 903 (Tex. Crim. App. 2012).  When the record supports
conflicting inferences, a reviewing court must presume that the trier of fact
resolved the conflicts in favor of the verdict and defer to that determination. 
Jackson, 443 U.S. at 326, 99 S. Ct. at 2793.  The trier of fact is the
sole judge of the weight and credibility of the evidence.  Tex. Code Crim.
Proc. Ann. art. 38.04 (West 1979); Wise, 364 S.W.3d at 903.  Thus, when
performing an evidentiary sufficiency review, we may not re-evaluate the weight
and credibility of the evidence and substitute our judgment for that of the
trier of fact.  Isassi v. State, 330 S.W.3d 633, 638 (Tex. Crim. App.
2010).

Discussion

          In
his sole issue, Appellant claims that the evidence is insufficient to show that
he was “intoxicated” while driving.

A
person commits DWI if the person is intoxicated while operating a motor vehicle
in a public place.  Tex. Pen. Code Ann. § 49.04(a) (West Supp. 2012).  “Intoxicated”
means “not having the normal use of mental or physical faculties by reason of
the introduction of alcohol . . . into the body.”  Id. § 49.01(2)(A)
(West 2011).

           A
police officer’s testimony that an individual is intoxicated is probative
evidence of intoxication.  Henderson v. State, 29 S.W.3d 616, 622 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d); see Annis v. State,
578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979) (holding the opinion
testimony of an officer legally sufficient to support a finding of
intoxication); Zill v. State, 355 S.W.3d 778, 786 (Tex. App.—Houston
[1st Dist.] 2011, no pet.) (same).

          In
this case, Officer Negrete testified that Appellant appeared to be
intoxicated.  The record shows that Appellant hit a car parked at a bar; that
he smelled moderately of alcohol; that his eyes were bloodshot and his speech
was slurred; that he admitted to having about four beers; and that his walk was
unsteady.

The
record also shows that Officer Negrete observed four out of ten clues of
intoxication on the walk-and-turn test; that Appellant exhibited two out of
four clues of intoxication on the one-leg-stand test; that he failed the
alphabet and counting tests; that he refused a breath test and also refused to repeat
the sobriety tests at the jail; and that Officer Negrete believed that
Appellant appeared to be intoxicated and had lost the normal use of his mental and
physical faculties due to having consumed alcohol.

In
addition, the jury watched the in-car and jail videos, observing Appellant at
the scene and at jail for itself, and found that Appellant was intoxicated.  See
Russell v. State, 290 S.W.3d 387, 397 (Tex. App.—Beaumont 2009, no pet.)
(holding that a jury could draw its own conclusions from observing the defendant’s
behavior in the video and decide that he appeared intoxicated).

          Further,
refusal to take a breath test may be considered as evidence of guilt.  See Gaddis
v. State, 753 S.W.2d 396, 399 (Tex. Crim. App. 1988) (noting that “it was
not improper to simply argue that appellant refused [testing] because he was
intoxicated”); see also Russell, 290 S.W.3d at 397 (noting that the jury
could have inferred from the defendant’s refusal to take a breath test that he
believed he was intoxicated); Finley v. State, 809 S.W.2d 909, 913 (Tex.
App.—Houston [14th Dist.] 1991, pet ref’d) (holding that a jury may consider
refusal to provide breath or blood samples as evidence of guilt).

          Thus,
viewing the evidence in the light most favorable to the verdict, we hold that the
evidence is sufficient to show that Appellant operated a motor vehicle in a
public place while not having the normal use of his mental and physical
faculties by introduction of alcohol into his body.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Wise, 364 S.W.3d at 903; Zill,
355 S.W.3d at 785–88.  Accordingly, we hold that the evidence is sufficient to
support the verdict, and we overrule Appellant’s sole issue.

Conclusion

Having
overruled Appellant’s sole issue, we affirm the trial court’s judgment.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MEIER and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 21, 2013









[1]See Tex. R. App. P. 47.4.